CHARLES MEADS & COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, April 9, 1920.

Appeal — review of general verdict directed by court and based on several claims — contract — action for balance due under and for breach of contract for construction of foundation for building — unreasonable refusal of architect to issue certificate — recovery for increased cost resulting from erroneous and unauthorized interpretation of contract by architect.

Where in an action against the city of New York for the balance due under a contract for the foundation work of a building and for breach of said contract, involving various items of damage, a general verdict for much less than the amount demanded is rendered by the court under a stipulation which made him the judge of both fact and law, if the court on appeal finds a sufficient basis for the verdict in any of the claims, the judgment should be affirmed.

The presumption must be indulged that a verdict directed by the court under such a stipulation is based on those claims found supported by evidence sufficient to justify a finding in their favor.

Where a crack in one of the foundation walls resulted from a defect in the plans which the plaintiff was required to follow in its work, it is entitled to recover, notwithstanding the refusal of the architect and the president of the borough to give the certificate required by the contract, for under

the circumstances it was their duty to give it, and the refusal so to do was unreasonable.

Since the contract expressly gave to the contractor the option of sheathing from the grade level to the bottom of the excavation or of pitching back the banks at a certain angle, and under the evidence the architect had no right to require the plaintiff to construct a system of trussing, sheathing and shoring instead of pitching back the banks, the plaintiff is entitled to recover for the additional cost of such work on the theory that it was a breach of the contract to require it.

Under the contract the architect had no power to require the plaintiff in constructing concrete walls forty feet high to pour twenty-seven feet continuously, then ten feet continuously and then three feet, where the method sought to be used by the plaintiff of pouring in layers of two or three feet in thickness would produce work up to the specifications, and, therefore, the plaintiff is entitled to recover for the increased expense of so constructing the walls.

So long as a contractor produces work which satisfies the specifications he may, in the interest of economy, choose his own methods.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of April, 1918, upon the verdict of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case, and also from an order entered in said clerk's office on the 19th day of February, 1918, granting plaintiff's motion for the direction of a verdict and also granting it an extra allowance of costs.

The action is based on a contract for the labor and materials required for the foundation work of the central library building of the Brooklyn Public Library at the junction of Flatbush avenue and Eastern Parkway in the borough of Brooklyn. The cause of action is for the unpaid balance of the contract price; for breach of contract in that plaintiff was required to install a method of sheathing, trussing and shoring and to pour the concrete foundation slabs and walls in one operation as a monolith; for damages for delay; for refusal to allow back fill, occasioning additional cartage of spoiled material, and for additional work.

The case was tried under a stipulation that the court might hear the issues and direct a verdict in favor of either party with the same force and effect as if a jury were actually present.

Thereafter the court directed a verdict for the plaintiff for the sum of $47,500, and granted plaintiff an allowance of $2,000 in addition to costs. From the judgment entered on the verdict so directed, the defendant appeals.

*William E. C. Mayer* [*William P. Burr, Corporation Counsel, John F. O'Brien* and *John F. Collins* with him on the brief], for the appellant.

*John C. Wait* [*Howard G. Wilson* with him on the brief], for the respondent.

BLACKMAR, J.:

The complaint demands judgment for $76,701.65 and interest from February 27, 1914. The verdict directed was for $47,500. There are a number of items going to make up the amount of plaintiff's claim, which were necessarily the subject of separate consideration and decision by the court. As the verdict is much less than the amount demanded, it is impossible to determine which of the claims were allowed and which disallowed by the court, for there were no findings and no opinion. This information is buried in the general verdict, rendered by the court under a stipulation which made him the judge of both fact and law. Neither do we get the light that is usually afforded in a jury trial by the charge of the court. I think, therefore, that if we find a sufficient basis for the verdict in any of the claims, the judgment should be affirmed. I cannot agree with appellant's counsel that the verdict " embraces within itself all the claims, reduced in amount." I think rather the presumption must be indulged that the verdict directed by the court under such a stipulation is founded on those claims that we find supported by evidence sufficient to justify a finding in their favor. Any other course would lead to the conclusion that if a single unimportant claim is not established, the whole judgment, although abundantly supported by other well-established claims, must fall.

The amount of about $19,000 was unpaid on the purchase price. The contract required that the work should be fully completed and certified to by the architect and the president

of the borough before the contractor should be entitled to final payment. No such certificate was obtained. The reason for withholding the certificate was because a crack developed in one of the foundation walls. The plaintiff claimed that it was a result of a defect in the plans, while defendant claimed that it was due to defective workmanship. Upon this issue much evidence was taken and a finding was justified, and, we must assume, was made, that the crack resulted from a defect in the plans which the plaintiff was required to follow in its work. Under such circumstances the plaintiff is entitled to recover notwithstanding the refusal of the architect and the president of the borough to give the required certificate, for under these circumstances it was their duty to give it and their refusal so to do was unreasonable. (*MacKnight Flintic Stone Co.* v. *Mayor,* 160 N. Y. 72.)

The contract gave to the contractor the option of sheathing from the grade levels to the bottoms of the excavation, or of pitching back the banks at such an angle that the adjoining material could not under any condition fall into the excavation and sheathing from two feet above the base of the banks to the bottoms of the excavation, provided that the tops of the banks should in no case come within five feet of the property line. The contractor chose the method of pitching back the banks. He was, therefore, required to see that the tops of the banks did not come within five feet of the property line, to sheath from two feet above the base of the banks to the bottoms of the excavation, and to keep the material from falling into the excavation. During the progress of the work there were slides into the excavation, and on September 24, 1912, a slide occurred which extended beyond the curb line of Flatbush avenue. The contract contained a provision that all shoring, bracing, cribbing and the like, necessary or required, should be done in the most substantial manner, to protect adjoining property. The architect required the plaintiff, instead of using the method of pitching back the banks, to construct a system of trussing, sheathing and shoring. The plaintiff protested against this change of method, but yielded and did the work accordingly.

The doctrine that where the architect, representing the owner, requires the contractor to do work on a plausible but

erroneous interpretation of the contract, and the contractor protests, he may submit, do the work, and have his action against the owner for the expense on the theory of a breach of the contract, is elaborately considered and limited in *Borough Const. Co.* v. *City of New York* (200 N. Y. 149). In the case at bar the architect claimed the right to deprive the contractor of the option given him to protect the excavation by pitching the banks and sheathing from two feet above the base of the bank to the bottom of the excavation, and required him to install, instead, the elaborate system of truss work. I think that whether the architect had the right to make such requirement is, under paragraphs 65 to 70, inclusive, of the specifications, fairly debatable; but a fair construction of the contract, under the circumstances disclosed by the evidence, leads to the conclusion that the right did not exist. The case, therefore, falls within the doctrine of the *Borough Const. Co. Case* (*supra*). The contract expressly gives to the contractor the option to choose his method. The architect deprived him of his choice and compelled him to adopt a more expensive one. Evidence was taken *pro* and *con* on the necessity of the architect's requirement, and it permitted the decision that the requirement was unnecessary and, therefore, unreasonable. The contractor was under the obligation to protect the excavation and adjoining property. The contract by its terms permitted him to do it by pitching back the bank, with such sheathing as was necessary to keep the bank within five feet of the adjoining property line, and to protect the excavation. The architect could undoubtedly require an adequate use of this method; but the contract did not give him the power to prescribe a method much more expensive and not contemplated by the contract. The plaintiff, therefore, was entitled to the additional cost of the sheathing, shoring and trussing on the theory that it was a breach of the contract to require it.

The architect, against the protest of plaintiff, required him to pour the concrete continuously in a monolith, both in some of the foundation slabs and in the walls. The walls were to be forty feet high. The architect required him to pour twenty-seven feet continuously, then ten feet continuously, and then

three feet. The plaintiff claims that the work could have been done equally well and much more economically by pouring in layers of two or three feet in thickness. The fact that plaintiff's method would produce work up to the specifications is proved not only by expert testimony as to the value of the two methods, but because toward the end the plaintiff refused to follow the architect's method in pouring the dome slab and the work was satisfactory. The general power of control over the work, which the contract gave to the architect made his right to prescribe the method of doing it fairly debatable; but I think this particular requirement was beyond the rightful exercise of that power. The law is that so long as a contractor produces work which satisfies the specifications, he can, in the interest of economy, choose his own methods. This is not only law but common sense; for when a contractor bids, his estimates, which influence the bid, are necessarily based on his own methods of work so long as those methods are not controlled by the specifications. (*Horgan* v. *Mayor,* 160 N. Y. 516.)

The claim for the increased expense of pouring as a monolith seems, therefore, to fall within the doctrine of the *Borough Const. Co. Case* (*supra*). A finding for the plaintiff on this claim is warranted by the evidence and rules of law applicable thereto, and we must assume that the court so found.

The evidence on the items of damage, already considered, warranted the verdict directed, and there is no necessity for prolonging the opinion by a discussion of the other items.

The judgment and order should be affirmed, with costs.

Present — RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.