Lounsberry, P. J.
These claims, which were tried as one and are now decided together, are for the wrongful death of William Garges and of Elizabeth Garges, his wife, caused by alleged negligence of the State of New York, which occurred early in the morning of January 1, 1955. While proceeding northerly from Sherburne toward Earlville, along State Highway Route No. 12-B, the Garges car skidded on an icy section of pavement just north of the north driveway of the Harriman farm, swerved across the road, and collided violently with a tree. Both Mr. Garges, who was driving, and his wife were evidently killed instantly.
*106 The Harriman driveway descends with considerable slope to the narrow east shoulder of the highway. For at least fifteen years before the accident, water resulting from either rainfall or melting snow, had run down the driveway and onto the pavement where, in wintertime, it frequently froze. On this particular occasion, the resulting ice patch extended some 580 feet northerly from the driveway and covered some seven to eight feet of the east or northbound lane of the pavement. The ditch along the east edge of the shoulder alongside the icy area was filled with ice, leaves, and debris.
Despite the long and well-established history of ice conditions at this point, the State had posted no warnings of any sort and had taken no measures either to apply sand, salt, or cinders, or to remove the ice. It had evidently made some efforts to keep the ditch open but they were inadequate in scope and obviously unsuccessful in result. There was no sluice pipe to carry water from the area south of the driveway past the drive and there is dispute as to whether there was actually any ditch at the point where the driveway met the shoulder. We can only conclude that the State was negligent in permitting such a condition to exist, in failing to provide protection, and in utterly neglecting to give warning, and that this negligence was the cause of the fatal accident.
No negligence on the part of the passenger, Elizabeth Garges, was proved and, hence, her estate is clearly entitled to recover damages. A more difficult question is presented, however, as to the driver, William Garges. He had driven along the road at least twice daily on working days for three months prior to the accident. The ice condition had existed in some degree for at least two days before the accident. He and his wife were on their way home from a New Year’s party at which liquor had been served in some abundance. The impact of the collision was such that the car was virtually wrapped around the tree and completely demolished. This evidence, the State contends, establishes that Mr. Garges was contributorily negligent in disregarding a known danger and in driving at excessive speed. Of course, the State also inconsistently asserts that there was no ice on the pavement during the two days before the accident although it admits that there was ice the night of the collision.
The court recognizes that the State’s contention has some force. On the other hand, while Mr. Garges had driven the route for three months, there is no evidence that during that particular period any ice condition had occurred prior to the two days before the accident. Further, the ice patch seems *107 to have been considerably less extensive during the two-day period than it became on the night of the 31st of December, which had been a warm day when snow was melting. It is by no means clear, therefore, that Mr. Grarges had ever observed so extensive a sheet of ice at the point in question prior to his fatal skid. It is of some significance that on the same evening two other drivers who were equally familiar with the road also skidded at the same spot. There is absolutely no proof that Mr. Grarges partook of any of the liquor served at the party and there is considerable evidence that he was not intoxicated when he left. The total length of the skid marks leading to the tree was only 100 feet, indicating that the driver had virtually no time to slow the car before the impact occurred. Under such circumstances, a very violent collision could result even though the rate of speed was reasonable and lawful. The court hesitates to charge Mr. Grarges with excessive speed in the lack of any evidence thereof other than the damage to the car.
In a wrongful death action, the burden of proof of contributory negligence rests, of course, upon the defendant and, upon the whole, the court is not satisfied that the State has sustained this burden. We, therefore, conclude that the estate of William Grarges is also entitled to recover damages.
Mr. and Mrs. Grarges were survived by three sons, whose ages as of the time of trial were 15 years, 12 years and 10 years respectively. The evidence indicates that they were both good parents. Mr. Grarges, who was 40 years of age, was a professional engineer of demonstrated ability and was in charge of mechanical engineering at Technical Appliance Corporation of Sherburne, New York. His starting salary on October 1, 1954, was $500 per month and he had received a bonus of $700 at Christmas time. Company officials estimated that within five years his earnings would approximate $11,000 per year.
We award the sum of $50,000 for the wrongful death of William Grarges, together with the further sums of $514.10 for his funeral expense and $1,650 for the damage to his car, making a total of $52,164.10. For the wrongful death of Mrs. Grarges, we award the sum of $25,000, together with the sum of $550.10 for funeral expense, making a total of $25,550.10, together with interest on each award (exclusive of award for damage to the car) from January 1, 1955, to the date of entry of judgment.
The foregoing constitutes our written and signed decision. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.