■ CAROL H. BRUCE et al., as Administrators of the Estate of ELIZABETH M. GARGES, Deceased, Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 33079.) CAROL H. BRUCE et al., as Administrators of the Estate of WILLIAM M. GARGES, Deceased, Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 33080.) — The State appeals from judgments rendered in the Court of Claims in wrongful death actions arising out of an automobile accident on a State highway, known as Route 12-B, between the villages of Earlville and Sherburne in Chenango County, New York. The sum of $25,550.10 was awarded to the estate of Elizabeth M. Garges, deceased, and $52,164.10, plus interest, costs and other expenses to the estate of her husband, William C. Garges. The claimants have cross-appealed on the ground of inadequacy. Mr. and Mrs. Garges were killed on January 1, 1955, at about 3:00 A.M., when their car skidded on an ice-covered portion of the highway mentioned, swerved across the road and collided violently with a tree. Apparently the decedents were killed instantly. The evidence indicates that their car began to skid at a point just north of the northerly driveway of an abutting property known as the Harriman farm. That driveway descended with a considerable slope to a narrow shoulder on the east side of the road, and the trial court found that for at least 15 years before the accident water from either rainfall or melting snow had run down the driveway and frequently froze in the wintertime. On the occasion in question an ice patch had formed on the highway and extended some 580 feet northerly from the driveway and covered 7 or 8 feet of the east or northbound lane of the pavement — the direction in which the Garges were traveling before the fatal accident. The trial court found the State negligent in failing to post any warning signs of probable danger at either end of the site, and in failing to take adequate steps to correct a condition that had existed for a long time. Aside from a denial of negligence on its part the State contended that Mr. Garges, the driver of the car, was guilty of contributory negligence. He was familiar with the road and had driven it twice daily on each working day for three months prior to the accident. He and his wife had been attending a New Year's party on the night of the accident, at which liquor had been served in some abundance. The impact of the collision was so violent as to virtually demolish the car. The trial court evidently considered the issue as close but it concluded that the State had not sustained the burden of proof as to contributory negligence. It pointed out that the ice seemed to be considerably more extensive than usual; and that two other drivers, equally familiar with the road, had skidded at the same place on the same night; also that there was no

proof of intoxication on the part of the decedent, and considerable proof to the contrary. The total skid marks leading to the tree were about 100 feet, which indicated to the trial court that the driver had no time to slow the car before the impact occurred, so that a very violent collision could result even though the rate of speed was reasonable. In trials before juries it has long been the rule that the issue of contributory negligence was peculiarly one for the triers of the facts to determine, and we see no reason why that rule should not be applied in some degree to trials in the Court of Claims. Moreover, in this case we think the trial court was justified in finding the State had not sustained the burden of proving by a fair preponderance of evidence that the decedent was guilty of contributory negligence. A finding to the contrary would necessarily have been based largely on surmise and speculation. We have examined the alleged errors as to the admission of evidence and do not find them to have been prejudicial. Judgments affirmed, with costs. Cross appeals dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [1 Misc 2d 104.]