In the Matter of DOROTHY M. CROSHIER, Petitioner, against ARTHUR LEVITT, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Comptroller. The record before us seems so developed and the findings so cast as to test the area of permissible decision by the Comptroller under a claim of "accident" within the frame of the decision in *Matter of Owens* v. *McGovern* (309 N. Y. 449). Here there is a finding of fact that the employee, who was a forest ranger, was fighting a forest fire in a mountain area; was "overcome by exhaustion and collapsed" and died; and a specific finding that the strenuous physical activities as found "precipitated the attack of coronary occlusion resulting in his death". The conclusion of law was that the employee "did not sustain an accident". In *Matter of Owens* the decision here (283 App. Div. 898) in which the Comptroller was upheld in dismissing the claim, was reversed and the claim remitted to the Comptroller because he refused to take medical testimony in a case somewhat similar to the one before us. It seems implicit in the Court of Appeals decision that if "unusual extra exertion" (p. 457) sufficient to have caused a coronary thrombosis had been found, it should have been treated as an accident. The opinion of Judge DESMOND also indicated that if facts such as here found, the unusual strain (i.e. "overcome by exhaustion") and its causal relation to the death, had also been found the question whether there was an "accident" within the statute would become a question of law (pp. 455, 456). As we view the fact findings made by the Comptroller attributing the death to exhaustion in the work, the legal conclusion to be drawn is that there was an accident and that the conclusion made that the employee "did not sustain an accident" is not deducible from the facts as the Comptroller found them. Determination annulled on the law, without costs, and claim remitted to the Comptroller. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

EDWARD RIGGI, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 32510.) — Appeal by the State from a judgment in favor of claimant, entered upon a decision of the Court of Claims and cross appeal by claimant on the ground of inadequacy. Claimant recovered for personal injuries found to have been caused by the State's negligence. The

accident occurred when his automobile skidded on the slippery surface of a village street in Ballston Spa which was maintained, in part at least, as State highway No. 50. The court below found, on evidence which we deem preponderant, that the street was 40 feet wide and (as the Attorney-General's brief concedes) that the State owned and maintained the center portion thereof, which was 16 feet in width; that a drainage ditch on the easterly side of the street was inadequate, so that on occasion water flowed from the ditch toward the center of the highway and into a depression, all of which had been known to the State for many years; that on December 23 and 24, 1953, water flowed into the ditch from a leaking water pipe maintained by the village and, overflowing the ditch, spread out into the depression and eventually formed slush and ice which, with the passage of automobiles, splashed into the south bound traffic lane and froze. There was testimony that the water extended to within two or three feet of the center line. It was properly found that, in addition to its past notice of the general highway and drainage conditions, the State had further notice when its maintenance foreman observed the particular condition of danger on December 24, some seven hours prior to the time of claimant's accident, and advised village employees to set out flares; that flares were set out, but in the ditch and on the curb, and that a barricade, about eight feet long, with a flare beneath it, was placed in the highway, but with one end at the curb and the other end but three feet from the curb. The accident occurred, as the court was entitled to and did find, when claimant, operating his car at from 20 to 25 miles per hour, approached and saw the water-filled depression, and, in attempting to brake his car and turn to avoid it, skidded and lost control of the automobile, which proceeded to a collision with two trees. There was testimony that the highway surface was dry except at the scene of the accident so that claimant came upon the dangerous condition unexpectedly and that the flares and barricade at and near the curb indicated, to his mind, warnings with respect to some excavation or other condition there, rather than in the highway. The trial court found that the State's failure, after notice, to take action to correct the hazard, to close off the highway or to give notice and warning of the danger constituted negligence. Claimant was found free from contributory negligence. The facts are markedly similar to those in *Bruce* v. *State of New York* (3 A D 2d 793) upon which we affirmed an award. We reach the same determination here. We do not consider necessary or material to the decision the apparently unsupported finding that the depression which collected water, and from which slush and ice were splashed, was within the center strip of 16 feet owned by the State. In the *Bruce* case, as here, the water flowed from premises abutting the highway and it was the resulting and temporary hazard in the highway with which the State was charged. Whether or not the State was under a duty to eliminate the depression, its obligation to correct or adequately warn of the particularly hazardous condition existing on the day of the accident, after actual and ample notice, is plain. Upon consideration of the evidence as to claimant's injuries we find nothing which would warrant us in disturbing the trial court's determination of damages. Judgment affirmed, with costs to claimant-respondent-appellant. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.