■ FEHLHABER CORPORATION et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 47387.) — Appeal from a judgment in favor of the claimants entered upon a decision of the Court of Claims (63 Misc 2d 298). The State appeals only from that portion of the judgment which deals with the pile driving for this highway construction job. The contract required that " the contractor shall furnish and construct open-ended tubular piles", which were to be filled with concrete after they were in place. According to the contract, the methods and equipment to be used in installing the piles were the responsibility of the contractor. At a preconstruction meeting, claimants requested that they be permitted to place a cast-iron cap on the end of the piles and to leave the cap on the pile until a resistance of 10 blows per inch was encountered in driving the piles. At such time, the cap was to be removed and the pile driven to the proper depth with the end open. By using the cap, much of the time and expense incident to removing the dirt and debris filling the pile during driving could be avoided. The State rejected the proposal on the ground that the contract specifications required the piles to be driven open-ended from the outset. The respondents claim additional expenses were incurred for soil removal because of the State's refusal. The issue is whether claimant's proposal was a method of performing the contract specifications for open-ended piles or whether the proposal was a deviation from the terms of the contract.

The contract contains no express provision as to how each pile is to be driven prior to reaching a resistance of 10 blows per inch. While it is clear that the contract contemplates that the pile be open-ended after such resistance is reached, the contract is at best ambiguous with respect to whether the pipe must be open-ended prior to reaching that resistance. Furthermore, the State has not, either at trial or on this appeal, contended that claimants' proposal would fail to produce finished pilings in accordance with the contract specifications or pointed to any specification prohibiting this method of construction. " The law is that so long as a contractor produces work which satisfies the specifications, he can, in the interest of economy, choose his own methods. This is not only law but common sense; for when a contractor bids, his estimates, which influence the bid, are necessarily based on his own methods of work so long as those methods are not controlled by the specifications." (*Meads & Co.* v. *City of New York*, 191 App. Div. 365, 370; see, also, *Rosoff Bros.* v. *State of New York*, 39 A D 2d 974). The claimants' proposal did not violate the express provisions of the contract and satisfied the specifications. The State's action in refusing permission to use it was unreasonable. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.