■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBERT ANDERSON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered July 28, 1975, convicting defendant on his plea of guilty to the crime of sodomy in the second degree. Defendant contends that his sentence as a second felony offender to an indeterminate term of imprisonment of two to four years was excessive. Under the circumstances of this case, where the defendant was permitted to plead to second degree sodomy in satisfaction of an indictment charging him with five separate counts of sodomy and had previously been convicted of sodomy in 1969, and was subject to a maximum sentence of three and one-half to seven years, the sentence herein constituted a proper exercise of discretion on the part of the trial court and should not be disturbed. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ BAILEY CONSTRUCTION COMPANY, INC., Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 57352-A.)—Appeal from a judgment in favor of claimant, entered July 8, 1975, upon a decision of the Court of Claims. The New York State Thruway Authority appeals from those portions of the instant judgment which awarded claimant damages for increased costs incurred while erecting an in-ground clarifier or settling tank and in demolishing a pump house pursuant to its contract with the authority to upgrade the sewage treatment facilities at the Mohawk service area located in Montgomery County. Specifically, the authority argues that since it properly denied claimant's request to employ certain vertical construction joints in fabricating the settling tank and since claimant failed to adequately avail itself of on-site inspection opportunities that would have disclosed the existence of a pump and cellar in the pump house, it should not be held responsible for the increased costs claimant experienced in performing those segments of its work under the contract. The use of additional vertical construction joints was not expressly prohibited by the terms of the contract or related specifications and those documents did not call for the erection of a·completely watertight settling tank. Although a witness for the authority suggested that the possibility of tank leakage might be increased, he was in basic agreement with the evidence on claimant's behalf that, if properly installed, such vertical joints would not adversely affect the strength or integrity of the planned structure. Accordingly, we agree with the Court of Claims that the authority was unreasonable in rejecting claimant's proposal as this was a matter dealing with the contractor's method of performance and did not involve a design change or a deviation from the contract under the circumstances presented *(Felhaber Corp. v State of New York,* 40 AD2d 881). Similarly, we find no basis for disturbing its conclusion that the inability of claimant's president to gain access to the pump house during a visit to the site did not detract from the reasonableness of his effort to inspect the premises before a bid was submitted on the project. Judgment affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.