■ Mary Rooney et al., Respondents, v State of New York et al., Appellants. (Claim No. 62753.) — In a claim to recover damages for personal injuries, etc., defendants appeal from an interlocutory judgment of the Court of Claims (Lengyel, J.), entered October 25, 1983, which, after a nonjury trial on the issue of liability only, adjudged defendants to be 80% at fault and claimant Mary Rooney to be 20% at fault in the happening of the accident.

Interlocutory judgment modified, on the facts, by decreasing the liability of defendants from 80% to 50% and by increasing the liability of claimant Mary Rooney from 20% to 50%. As so modified, interlocutory judgment affirmed, without costs or disbursements.

There was sufficient evidence in the record to support the finding of the Court of Claims that the defendants State of New York and New York State Thruway Authority (Thruway Authority) were negligent in failing to properly maintain the overpass of the New York State Thruway and the segment of

Route 17 passing beneath it (the right lane of the northbound roadway), where claimant Mary Rooney's vehicle skidded on a large patch of ice and collided with a pier supporting the overpass, and that this negligence was a proximate cause of the accident. "While the State is not an insurer of the safety of the users of its highways (*Boyce Motor Lines* v. *State of New York*, 280 App. Div. 693, affd. 306 N. Y. 801), it may be held liable for injuries arising by reason of isolated patches of ice where the State had notice of a recurrent condition in a specific area and failed to post warning signs or sand the road surface to correct the condition once it developed. (*Reggi* v. *State of New York*, 5 A D 2d 941; *Bruce* v. *State of New York*, 3 A D 2d 793.)" (*Farrell v State of New York*, 46 AD2d 697, 698).

There was ample evidence that the State had actual knowledge that water dripped from the deck of the Thruway overpass onto Route 17 during periods of rain or snow, based upon the testimony of the members of the Thruway Authority maintenance crew who were working on the piers supporting the overpass when the accident occurred and the report prepared on behalf of the Thruway Authority by engineering consultants, documenting the deterioration of the Thruway overpass at this location which allowed water to seep through the deck and its supporting structures. It was reasonably foreseeable that, under the weather conditions prevailing at the time the accident occurred, water would collect on Route 17 and refreeze to form the ice patch upon which claimant Mary Rooney's car skidded. Thus, the Court of Claims could reasonably conclude that the Thruway Authority was negligent in failing to remove the snow which was piled up against the edges of the overpass deck above the northbound lane of Route 17, in accordance with the highway maintenance guidelines of the New York Department of Transportation, thereby exacerbating the hazardous condition created by the water dripping from the overpass. In addition, the State may be charged with constructive knowledge of the large patch of ice on which claimant Mary Rooney's car skidded. A Thruway Authority maintenance crew was working in the area of Route 17 in question on the date when the accident occurred and during the period prior thereto. While members of that crew testified that they did not notice any ice in the area, the Court of Claims could properly discount such testimony in light of the evidence that the patch of ice in question was of a significant size and could reasonably infer that it existed for a sufficiently long period of time prior to the accident to enable the Thruway Authority to take actions to mitigate the hazard, once it developed, including sanding and warning motorists to avoid the area.

However, there is insufficient evidence on the record to support the conclusion of the Court of Claims that the liability of the State may be predicated upon the additional ground that it negligently designed and constructed the highways in question by failing to post permanent signs (as opposed to temporary signs when necessary) to warn motorists traveling on the northbound lane of Route 17 of the icy conditions under the Thruway overpass, and by failing to extend the guardrails along the edge of Route 17 in front of the piers supporting that overpass. Claimants failed to adduce sufficient evidence to demonstrate that the plan for the Thruway overpass and the segment of Route 17 in question "either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote,* 7 NY2d 579, 589, *rearg denied* 8 NY2d 934). Claimants presented no evidence that the failure to place permanent signs at the site in question deviated from the standards in existence at the time (*see, Smith v State of New York,* 75 AD2d 910), or that the State was alerted, by reports of prior accidents in the area, of hazardous icy conditions recurring on such a regular basis as to require permanent warning signs (*see, Barnard v State of New York,* 52 AD2d 700, *amended* 54 AD2d 770; *cf. Wingerter v State of New York,* 79 AD2d 817, *affd* 58 NY2d 848). Moreover, the reasonableness of the decision of the Thruway Authority to terminate the guardrail at the piers supporting the overpass is substantiated by the testimony of the expert witnesses for all parties that none of the relevant standards in existence at the time the Thruway was constructed required the placement of guardrails in front of fixed objects (*cf. Schwartz v New York State Thruway Auth.,* 61 NY2d 955). There is also no showing that the State was aware that safety improvements were needed along the segment of Route 17 where the collision occurred, as there was no evidence of prior accidents and the area was not classified as a high accident area pursuant to the State's accident surveillance system (*see, Barnard v State of New York, supra; cf. Humphrey v State of New York,* 90 AD2d 901, *affd* 60 NY2d 742; *Zalewski v State of New York,* 53 AD2d 781).

We agree with the trial court's finding that negligence on the part of the claimant Mary Rooney was a proximate cause of the accident. In view of claimant's testimony showing that she had prior knowledge of the recurring condition of the roadway, and her opportunity to avoid the problem on the day of the accident, for example, by driving in the left lane of the northbound roadway of Route 17, we conclude that a more appropriate apportionment of liability between claimant and defendants would have been 50%. The interlocutory judgment has been

modified accordingly. Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.