■ Dawn Kelly et al., Respondents-Appellants, v Town of Islip, Appellant-Respondent, and California Petroleum Distributing, Inc., et al., Respondents.—In an action to recover damages for personal injuries, etc., the defendant the Town of Islip (hereinafter the Town), appeals, as limited by its brief, (1) from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered October 27, 1987, as was in favor of the plaintiffs and against it on the issue of liability, and in effect, was in favor of the defendants Richard W. Tallon and California Petroleum Distributing, Inc. (hereinafter California Petroleum) on the cross claim asserted by the Town against Tallon and California Petroleum, upon a jury verdict, and (2) the plaintiffs cross-appeal from so much of the judgment which was in favor of the defendants Richard W. Tallon and California Petroleum on the issue of liability.

Ordered that the judgment is affirmed, with one bill of costs to the defendants Tallon and California Petroleum, payable by all appellants.

On June 27, 1980, at about 5:30 P.M. a car driven by the plaintiff, Dawn Kelly, collided with the rear wheels of a tractor trailer truck driven by the defendant Richard W. Tallon and owned by the defendant California Petroleum. At

trial, Kelly testified that the accident occurred when she attempted to negotiate a curve on Nichols Road which had been flooded by a rainstorm. As she entered the flooded area her car began to skid in the direction of the truck. Kelly claimed that the truck, which was traveling northbound, had been partially in the southbound lane in which she was driving. The plaintiffs sued Tallon and California Petroleum, as well as the Town, alleging that the Town had been negligent in maintaining the road and in failing to post warning signs of the flooding condition. It is clear from the record, and is apparently conceded by the Town, that it had notice of the flooding problem in that area of Nichols Road for several years prior to the accident. In fact, the Town would dispatch crews to pump the water off the highway when residents complained of the problem.

On appeal the Town contends that the evidence adduced at trial was not legally sufficient to support the verdict. Specifically the Town argues that the flooding, in and of itself, is not a hazardous condition. However, our courts have held that standing water on a highway may constitute an unreasonably dangerous condition (see, Nelson v State of New York, 105 Misc 2d 107, 111; Bono v State of New York, 1 NY2d 885). Although lack of prior accidents at the scene may be a factor in determining if the flooding was a dangerous condition, the absence of accidents, in itself, does not preclude a finding by the jury that a dangerous condition did exist (see, Orlick v Granit Hotel & Country Club, 30 NY2d 246, 250). It is also clear that where, as here, the Town had notice that a flooding condition existed, it was under a duty to post adequate signs warning of the problem (see, Rooney v State of New York, 111 AD2d 159, 160; Freund v State of New York, 137 AD2d 908).

It is clear therefore that the evidence in this case is legally sufficient to support the verdict against the Town since valid lines of reasoning and permissible inferences based on the evidence presented at trial could lead rational persons to the conclusion that the flooding was a dangerous condition which the Town had a duty to correct or, at least, about which to warn the traveling public. It is also evident that the evidence was sufficient to permit the jury to find that the flood was the proximate cause of the accident (see, Nicastro v Park, 113 AD2d 129).

The trial court did not err when it precluded the Town from introducing evidence of plans to redesign Nichols Road as a means of alleviating the flooding. The plaintiffs' cause of action against the Town was based on its failure to properly

maintain the road after rains and not on the improper design of the highway. Neither was it error for the court to refuse to charge that the Town had no duty to warn of "a transitory natural condition readily observed by the senses". It is clear that standing water on a road is not a natural condition *(see, Nixon v State of New York,* 108 AD2d 1046; *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665).

We have examined the remaining contentions raised by the Town and find them to be without merit.

The plaintiffs contend that the verdict in favor of the defendants Tallon and California Petroleum is against the weight of the evidence. However, except for the testimony of Dawn Kelly, who alleged that the truck was partially on her side of the road, the bulk of the evidence indicated that Tallon's vehicle remained in the northbound lane at all times and the collision occurred when Kelly's vehicle skidded into his lane and collided with the truck's rear wheels. Consequently, we find that the verdict in favor of Tallon and California Petroleum was not against the weight of the evidence. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.