■ JERRY VENTOLA, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 68024-A.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lengyel, J.), dated December 31, 1986, which, after a nonjury trial, dismissed his claim.

Ordered that the judgment is affirmed, with costs.

This action was commenced by the claimant to recover for injuries sustained as a result of a collision which occurred on the New York State Thruway on November 5, 1981, at approximately 1:45 P.M., between a large panel van in which the claimant was a passenger and a New York State Thruway Authority (hereinafter NYSTA) dump truck. The claimant was asleep in the front passenger seat of the van which was owned by his employer and operated by a coemployee, and he had no knowledge of the events leading to the accident. The NYSTA dump truck was part of a moveable convoy involved in performing maintenance work on the New York State Thruway. The right front of the van in which the claimant was traveling struck the left rear of the NYSTA dump truck. At the time of the accident, the NYSTA dump truck was straddling the right travel lane and the acceleration lane extending from the exit 10 ramp in the Village of South Nyack.

The theory of the claimant's case against the NYSTA is that the NYSTA dump truck involved in the accident was out of position as prescribed by plate 24 of the NYSTA Traffic Safety Manual, the regulation governing movable maintenance convoys. Plate 24 required that the rear warning truck in the convoy be operated on the shoulder of the roadway, 1,800 feet behind the first warning truck which would fully

occupy the right lane. The plate also made provision for a third warning truck to follow the second warning vehicle which was the method being used by the maintenance convoy at bar. This last vehicle was traveling on the shoulder 900 feet behind the second warning truck. The vehicle involved in this accident was the second warning truck. However, plate 24 did not provide for the situation in which an acceleration lane intersected the shoulder. The claimant contends that the failure of the NYSTA maintenance convoy to comply with plate 24 regulations created a hazardous situation due to the inadequate warning of the maintenance operation given to the travelers on the highway and this failure proximately caused the accident in question. Specifically, it is alleged that the NYSTA should have provided sufficient additional warnings when the second warning truck altered its position and straddled the acceleration lane and the travel lane.

Although the State is not an insurer of the safety of persons using its highways (see, *Tomassi v Town of Union,* 46 NY2d 91, 97; *Boyce Motor Lines v State of New York,* 280 App Div 693, *affd* 306 NY 801), it may be held liable for injuries arising by reason of its failure to give adequate warning, by signs or otherwise, of dangerous conditions and hazards on its highways (see, *McDevitt v State of New York,* 1 NY2d 540, 544; *Humphrey v State of New York,* 90 AD2d 901, *affd* 60 NY2d 742; *see also, Rooney v State of New York,* 111 AD2d 159). We do not agree with the trial court's finding that the NYSTA was entirely free from negligence. When confronted with the acceleration lane, prudence required that additional warning signs be placed so as to alert motorists entering the highway from the exit 10 ramp of the dangerous condition created by the maintenance convoy. Notwithstanding this negligence on the part of the NYSTA, it was not the proximate cause of the claimant's injuries. The driver of the van in which the claimant was traveling told the State Trooper who attended the accident scene that at the time of the accident he was attempting to light a cigarette and was not paying attention. Moreover, the evidence indicated that the van entered the Thruway in the vicinity of White Plains and not at exit 10. Thus, we cannot reasonably say that the accident was caused by the NYSTA's failure to adequately warn of a hazardous condition. Rather, the accident was caused by the van driver's failure to remain cognizant of the road conditions and to heed the signals on the NYSTA's warning trucks. Any measures which the NYSTA could have undertaken to warn motorists on the acceleration ramp of the maintenance operation would

have no bearing on the question of liability as to this claimant or other motorists already traveling on the highway. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.