■ MARIE DEMESMIN, Individually and as Mother and Natu-

ral Guardian of RICHARD DEMESMIN, an Infant, Respondent, v TOWN OF ISLIP, Appellant, and WESTROCK ICE CREAM CORP. et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 27, 1988, which denied its motion for summary judgment dismissing the complaint and all cross claims as against it.

Ordered that the order is reversed, on the law, with costs, and the motion is granted and the complaint and all cross claims are dismissed insofar as they are asserted against the defendant Town of Islip.

On July 10, 1984, the infant plaintiff, a pedestrian, was struck by a vehicle operated by the defendant Dennis Szurkus on Greenbelt Parkway West in Holbrook, New York. The accident occurred as the infant plaintiff allegedly ran into the roadway after purchasing ice cream from an ice cream truck owned by the defendant Westrock Ice Cream Corp. and operated by the defendant Joseph Lavoroni.

The theory of the plaintiff's case against the Town of Islip is that the town was negligent in failing to maintain Greenbelt Parkway West in a reasonably safe condition. Specifically, the plaintiff alleged that the town breached its duty to inspect the roadway in light of citizen complaints of speeding there, and to install appropriate traffic signs and devices or take other measures to guard against accidents.

It is well settled that a municipality has a duty "to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered and fiscal practicality" (Gutelle v City of New York, 55 NY2d 794, 795; see, Tomassi v Town of Union, 46 NY2d 91, 97). A municipality is also under a continuing obligation to review and revise traffic safety plans in light of the actual operation of such plans and any significant changes in circumstances (see, Atkinson v County of Oneida, 59 NY2d 840, 841, revg on other grounds 89 AD2d 826; Gutelle v City of New York, 55 NY2d 794, 795, supra; see, Tomassi v Town of Union, supra; Muller v State of New York, 108 AD2d 181, 188). However, equally well established is the principle that a municipality is not an insurer of the safety of its roadways (see, Tomassi v Town of Union, supra; Ventola v New York State Thruway Auth., 142 AD2d 674).

The town's motion for summary judgment was supported by an affirmation of its attorney to which was annexed, inter

*alia,* the pleadings, the police report, the accident report and excerpts from the examination before trial of the defendant Dennis Szurkus. Szurkus's deposition testimony, considered with his statement in the accident report, reveal that he was well acquainted with Greenbelt Parkway West, that immediately prior to the accident he had been traveling at about 25-30 miles per hour, that he observed speed limit signs on the roadway, that as he approached a curve in the road he noticed an ice cream truck parked on the right about 300-500 feet ahead with a group of children gathered near it, he slowed his vehicle to about 20 miles per hour, and that he did not notice the infant plaintiff until the infant collided with the right front portion of his vehicle. The accident occurred during daylight on a clear, dry day.

Szurkus's version of the facts is supported by the statement of the defendant Joseph Lavoroni in the police report that the infant plaintiff ran out into the roadway from in front of the ice cream truck despite a command from Lavoroni to wait.

The supporting papers also included an affidavit from the town's director of traffic safety who stated that three signs indicating a speed limit of 30 miles per hour were in place in July 1984. The town's work order reflecting the installation of these signs was appended thereto and reflected that signs warning of curves in the road were also in place.

The plaintiff opposed the motion by her attorney's affirmation which asserted that a question of fact existed as to whether signs were posted warning of the impending curve in the road and whether the 30 mile-per-hour speed limit was excessive. Annexed to this affidavit were two letters from the Town Supervisor, Michael A. LoGrande, both dated August 23, 1983, which indicated that citizen complaints of speeding traffic on Greenbelt Parkway West and requests for assistance in correcting the problem had been made.

Upon our review of the record, we find that the town's moving papers, when read in conjunction with the annexed documents, sufficiently established its entitlement to summary judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325; *Zuckerman v City of New York,* 49 NY2d 557, 563). Imposition of liability on the town upon these facts would be tantamount to making the town an insurer of the safety of its highways. Assuming, without deciding, that the town was negligent in failing to review its existing traffic safety plan, there is no proof in the record to suggest that the 30 mile-per-hour speed limit was not an appropriate traffic control device for the subject roadway *(compare, Scheemaker v*

*State of New York,* 70 NY2d 985). Moreover, it cannot be said that any alleged negligence on the part of the town in failing to post lower mandatory speed limit signs proximately caused the infant plaintiff's injuries. Although we are cognizant of the fact that negligence cases are rarely subject to being decided by motion for summary judgment *(see, Andre v Pomeroy,* 35 NY2d 361, 364), at bar the case against the town properly lends itself to summary resolution. The negligence, if any, in the occurrence of the accident may be attributable to the infant plaintiff in failing to exercise due care in crossing the roadway and/or to one or all of the remaining defendants in breaching their respective duties to exercise due care in the operation and control of their vehicles.

The plaintiff's opposition did not supply the evidentiary showing necessary to successfully resist the summary judgment motion *(Zuckerman v City of New York, supra).* No affidavit from an expert sufficient to raise a question of fact as to whether the posted speed limit was excessive for existing conditions was submitted. At most, the opposing affidavit and annexed documents revealed that the posted speed limit may have been violated. There is no showing that had the town reduced the posted speed, the accident at issue could have been avoided. Accordingly, we reverse the order appealed from and grant the town's motion for summary judgment dismissing the claim and cross claims against it.

In light of our determination, the question of whether a special relationship existed between the plaintiff and the town such that the town could be held liable for a breach of its governmental functions is not reached. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.