TRIPLE CITIES CONSTRUCTION CO., INC., Respondent, v STATE OF
NEW YORK, Appellant. (Appeal No. 2.)

Fourth Department, June 5, 1992

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John McConnell* of counsel), for appellant.

*Livingston T. Coulter* for respondent.

## OPINION OF THE COURT

LAWTON, J.

The State of New York contends that its motion for summary judgment should have been granted because claimant contractor failed to serve its claim "within six months after the mailing of the final payment" (State Finance Law § 145). It asserts that the Court of Claims erred in concluding that final payment occurred when the State Bank of Albany mailed claimant its securities, which were being held in lieu of retainage *(see,* State Finance Law § 139 [3]). Although we agree with the State that the mailing of the securities was not the date of final payment, we nonetheless conclude that the claim was timely.

On February 25, 1980, claimant entered into a contract with the State to reconstruct a portion of Route 69 in Oswego County. Under the terms of that contract, the Comptroller withheld 5% of each progress payment until the contract work was completed *(see,* Highway Law § 38 [7] [b]; State Finance Law § 139). The contract adopted the Standard Specifications of the New York State Department of Transportation. Section 109-12 of those specifications provided in part that "[p]ayment pursuant to such final estimate less any deductions authorized to be made by the Comptroller under the contract shall constitute the final payment and shall be made by the Comptroller". On August 18, 1980, claimant entered into a retained percentage agreement with the State Bank of Albany, whereby it deposited securities in lieu of retainage withheld from its progress payments under the contract *(see,* State Finance Law § 139 [3]). Between October 1980 and February 1981, claimant deposited bonds with the bank in lieu of retainage and the Comptroller released to claimant over $100,000. In November 1981, the Department of Transportation issued a recommendation for final payment, which was approved by the Commissioner, and claimant was notified that the contract had been accepted. On January 18, 1982, the Comptroller authorized the bank to release 70% of claimant's securities being held in lieu of retainage *(see,* Highway Law § 38 [7] [b]). The bank notified claimant of the

release of the securities and requested instructions. Complainant instructed the bank to sell the securities and, after their sale, the bank mailed the proceeds to claimant. A proposed final agreement was signed by claimant under protest and was forwarded on June 25, 1982 to the Comptroller for payment. On August 13, 1982, a check in the amount of $103,342.10 was mailed to claimant.

The DOT contract estimate form stated that that check represented the final payment of amounts owed to claimant under the contract and included the remaining retainage held by the Comptroller. That form also stated that claimant's securities, held by the bank in lieu of retainage, were released. By release authorization dated August 12, 1982, the Comptroller also advised the bank that claimant's securities were released. On August 16, 1982, the bank advised claimant that its securities had been released and requested directions. Claimant instructed the bank to send it the securities and on September 13, 1982 the bank mailed the securities to claimant. A verified statement of claim was filed by claimant on September 21, 1982, and a notice of claim was served and filed on February 16, 1983.

The State moved for summary judgment on the ground that the claim was time barred because it was not filed within six months of the mailing of the final payment (State Finance Law § 145). The court denied the motion, concluding that final payment occurred on September 13, 1982, the date upon which the bank mailed claimant its securities.

The State moved to renew argument based on new evidence. The Court of Claims granted the motion to renew argument and held an immediate trial, pursuant to CPLR 3212 (c), on the State's motion. After trial, the court adhered to its prior decision. The court further found that the State had failed to establish that the contractor's collateral release authorization, dated August 12, 1982, was mailed or delivered to the bank before August 16, 1982, the date upon which the bank notified claimant that its securities had been released.

The Court of Claims erred in concluding that final payment had occurred and that the Statute of Limitations began to run from the date that the bank mailed claimant its securities. State Finance Law § 139 (3) authorizes a contractor, at its option, to deposit securities with either the Comptroller or a designated bank in order to withdraw all or part of its retainage. Here, claimant determined to deposit securities

with the State Bank of Albany in order to gain the benefit of obtaining its retainage. The agreement between the bank and claimant provided that the bank would advise the claimant of the status of its securities, request claimant to provide instructions concerning the handling of the securities, and purchase securities upon claimant's request. That agreement further provided that the bank would act under the regulations of the Comptroller and that the securities would not be released without the Comptroller's authorization. The status of the bank was that of an escrow agent for claimant and the Comptroller. In that regard, *Fehlhaber Corp. v State of New York* (64 Misc 2d 167, 170-171, *affd* 40 AD2d 881) states: "The deposit of the bonds with the State is in the nature of an escrow. The State merely receives physical possession of the instruments and it is only when some default on the contractor's part arises in the course of construction that the State has any right to use the bonds. Thus claimants receive both the use of the funds plus whatever interest coupon the bonds deposited carry." *(See generally, Farago v Burke,* 262 NY 229.) Once the bank notified claimant that the Comptroller had released the securities, the bank acted solely as the claimant's agent. At that juncture the claimant may have chosen to have the bank continue as its agent to buy and sell securities, sell the securities immediately or on a specific date, or direct the return of the securities. Those transactions, however, are totally extraneous to final payment by the State because the Comptroller had relinquished control of the securities to claimant's agent. Therefore, once notification was given that the securities had been released, final payment of those funds occurred. To hold otherwise would permit a contractor to control the date of final payment through its directions to the bank. That result is contrary to the statutory scheme for determining final payment embodied in State Finance Law § 145.

We find, however, that the State's proof failed to establish that the release authorization was delivered or mailed to the bank before August 16, 1982. Thus, final payment occurred on that date, and claimant's claim filed February 16, 1983, exactly six months after that date, was timely *(see,* State Finance Law § 145).

CALLAHAN, J. P., GREEN, PINE and DAVIS, JJ., concur.

Order unanimously affirmed, without costs.