■ RONALD H. GREEN, Appellant, v COUNTY OF NIAGARA, Respondent.—Order unanimously affirmed without costs. Memorandum: While operating his automobile on Upper Mountain Road in the Town of Lockport during a heavy rainstorm, plaintiff lost control of his automobile. Allegedly, he came into contact with "a lot of water" running down one side of the highway pavement, causing his vehicle to go off the roadway and strike a tree. Plaintiff alleges, *inter alia,* that the County failed to design, construct and maintain Upper Mountain Road safely so that water from the roadway would drain into its storm sewers and that it failed to provide proper pavement markings and signs.

The court properly granted summary judgment to defendant. Although municipalities owe an "absolute duty of keeping [their] streets in a reasonably safe condition" *(Annino v City of Utica,* 276 NY 192, 196; *see also, Lopes v Rostad,* 45 NY2d 617), they are afforded qualified immunity from liability for highway planning decisions *(Friedman v State of New York,* 67 NY2d 271). Thus, municipalities may not be held liable "absent some indication that due care was not exercised in the preparation of the design or that no reasonable official could have adopted it" *(Weiss v Fote,* 7 NY2d 579, 586; *see also, Alexander v Eldred,* 63 NY2d 460).

Here, defendant presented proof that, when the road was reconstructed in 1973, its grade was in accordance with applicable standards and appropriate signs were installed in accordance with the uniform traffic control manual. Catch basins and drainage pipes were also installed. Plaintiff's contention that defective design is demonstrated by the lack of a catch basin in the area of the accident is supported only by the affidavit of his attorney. That is insufficient in the absence of an affidavit from an expert *(see, Demesmin v Town of Islip,* 147 AD2d 519, 522). Nor has plaintiff submitted expert opinion to demonstrate that traffic or engineering studies were needed for the reconstruction, or to refute defendant's proof that the road was reconstructed and marked in accordance with the standards in existence at the time. Thus, plaintiff has not shown that the reconstruction plan evolved without adequate study, or that it lacked a reasonable basis *(see, Rooney v State of New York,* 111 AD2d 159, 161).

Plaintiff has not shown that defendant failed adequately to maintain the road. Liability may be imposed upon a municipality for injuries caused by standing water on its roads, but not without proof of actual or constructive knowledge of the condition *(see, Kelly v Town of Islip,* 141 AD2d 611, 612, *lv dismissed* 73 NY2d 865; *Torrey v State of New York,* 266 App Div 900; *Nelson v State of New York,* 105 Misc 2d 107). It is undisputed that defendant had no notice of a water drainage problem before the accident. That is supported by plaintiff's deposition testimony that he drove on the road daily for seven or eight years and never experienced a water problem. There is, therefore, no evidence of a recurrent condition requiring either corrective action or the posting of signs *(cf., Rooney v State of New York,* 111 AD2d 159, *supra).* (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.