■ Barbara Timcoe et al., Appellants, v State of New York, Respondent. (Claim No. 93299.) [699 NYS2d 730] —In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Ruderman, J.), dated October 1, 1998, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The State must maintain its highways in a reasonably safe condition (*see, Lopes v Rostad,* 45 NY2d 617; *Fiege v State of New York,* 189 AD2d 748; *Freund v State of New York,* 137 AD2d 908; *Lomnitz v Town of Woodbury,* 81 AD2d 828; *Boyce Motor Lines v State of New York,* 280 App Div 693, *affd* 306 NY 801). That ice, snow, or water is present on a roadway at the time of an automobile accident does not, by itself, establish negligence on the part of the State (*see, Fiege v State of New York, supra*; *Freund v State of New York, supra*; *Valentino v State of New York,* 62 AD2d 1086). In this case, the Court of Claims properly found that the claimants failed to meet their burden of proving that the State breached its duty to reasonably patrol the roadways, that the State affirmatively caused a dangerous condition, or that the State had actual or construc-

tive notice thereof (*see, Fiege v State of New York, supra; Freund v State of New York, supra,* at 909; *Rooney v State of New York,* 111 AD2d 159; *Kelly v Town of Islip,* 141 AD2d 611; *cf., Bono v State of New York,* 1 NY2d 885).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.