■ RENATE S. QUIGLEY et al., Appellants, v BRIAN E. GOLD-FINE et al., Defendants, and INCORPORATED VILLAGE OF GARDEN CITY, Respondent. (Action No. 1.) BRIAN GOLDFINE, Plaintiff, v RENATE S. QUIGLEY et al., Defendants. (Action No. 2.) [714 NYS2d 733] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered July 7, 1999, as granted that branch of the motion of the defendant Incorporated Village of Garden City which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the field of traffic design, a municipality is accorded a qualified immunity from liability arising out of highway planning decisions (*see, Alexander v Eldred,* 63 NY2d 460). Under this doctrine of qualified immunity, a governmental body may not be liable unless its study of traffic conditions is plainly inadequate or there is no reasonable basis for its plan (*see, Weiss v Fote,* 7 NY2d 579; *Friedman v State of New York,* 67 NY2d 271). In this case, the respondent demonstrated that it was in the process of conducting a study and devising a traffic control plan for the intersection in question at the time the accident occurred. The appellants failed to raise any question of fact regarding the adequacy of the plan or the timeliness of its implementation (*see, O'Brien v City of New York,* 231 AD2d 698). Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it.

The appellants' remaining contentions are without merit. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.