NATALIE LEVI, Appellant, v SENAD KRATOVAC, Defendant, and CITY OF NEW YORK et al., Respondents. [827 NYS2d 196]—

In an action to recover damages for wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Elliot, J.), dated January 11, 2005, which granted the motion of the defendants City of New York and City of New York Department of Transportation for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated March 7, 2005, which, upon the order, dismissed the complaint. The plaintiff's notice of appeal from the order is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants City of New York and City of New York Department of Transportation.

The defendants City of New York and City of New York Department of Transportation (hereinafter together the City) established their prima facie entitlement to judgment as a matter of law. A municipality is not an insurer of the safety of its roadways. The design, construction, and maintenance of public highways is entrusted to the sound discretion of municipal authorities, and as long as a highway is reasonably safe for those who obey the rules of the road, the duty of the municipality is satisfied. The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition (*see Tomassi v Town of Union,* 46 NY2d 91, 97 [1978]; *Ciasullo v Town of Greenville,* 275 AD2d 338 [2000]). No liability will attach unless the alleged negligence of the municipality in maintaining its roads is a proximate cause of the accident (*see Clark v State of New York,* 250 AD2d 569 [1998]).

After the completion of a pedestrian safety study, the City made certain improvements to Queens Boulevard, including the intersection where the subject accident occurred. Because these improvements were made in accordance with a reasonable traffic plan made after an adequate study, the City is entitled to qualified immunity for liability arising out of these decisions (*see Affleck v Buckley,* 96 NY2d 553, 556 [2001]; *Friedman v State of New York,* 67 NY2d 271, 284 [1986]; *Quigley v Goldfine,* 276 AD2d 681 [2000]). Furthermore, there was no evidence that

the pedestrian safety study commissioned by the City was inadequate, or that there was no reasonable basis for its traffic plan.

Furthermore, there was no evidence that any feature of Queens Boulevard was a proximate cause of the decedent's accident. The intervening acts of the decedent in crossing against the light, and of the defendant Senad Kratovac in exceeding the speed limit, were the proximate causes of the accident, as they were not normal and foreseeable consequences of the situation created by the City's improvements to the intersection (see *Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

In opposition to the motion for summary judgment the plaintiff failed to raise a triable issue of fact. Accordingly the motion was properly granted. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.