Brillante v State of New York (2025 NY Slip Op 07272)

Brillante v State of New York

2025 NY Slip Op 07272

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-04016

[*1]Christina Brillante, appellant,
vState of New York, respondent. (Claim No. 132069)

Sullivan Papain Block McManus Coffinas & Cannavo, P.C., Garden City, NY (Christopher J. DelliCarpini and Stephen C. Glasser of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Sarah Coco, and Andrea Trento of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated April 12, 2024. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
The claimant was injured when a private coach bus in which she was a passenger struck an overpass on the Southern State Parkway. Commercial and over-height vehicles are prohibited on the parkway due to multiple low-clearance overpasses (see 9 NYCRR 415.5[a]; 17 NYCRR 182.31[b], [c]; Vehicle and Traffic Law § 385[14]). As a result of the collision, the roof of the bus was sheared and collapsed into the passenger compartment. A police investigation disclosed that the bus driver was unfamiliar with New York roadways and had configured his global positioning system device to "Car" mode, rather than "Tractor Trailer" mode, resulting in directions that navigated the bus from the John F. Kennedy Airport onto the parkway. Following the accident, the driver stated to police officers that he had not seen any road signs indicating that he was driving on a restricted parkway or indicating a low overpass on the parkway.
The claimant commenced this claim against the State of New York, alleging that the State was negligent in, inter alia, failing to post "adequate and sufficient traffic control devices and/or signage" in the subject location and throughout the parkway advising of the prohibition of the operation of commercial vehicles on the parkway and regarding the low clearance of the overpass. Following discovery, the State moved for summary judgment dismissing the claim on the ground that the driver's conduct was the sole proximate cause of the accident. In support of the motion, the State submitted, among other things, photographs depicting multiple signs posted by the entrance to the parkway warning of the prohibition against commercial vehicles and trucks, as well as along the parkway warning of the low clearances. The claimant opposed the motion. The Court of Claims granted the motion, determining that the State established its prima facie entitlement to judgment as a matter of law dismissing the claim by demonstrating that its alleged negligence was not a proximate cause of the accident and that, in opposition, the claimant failed to raise a triable issue of fact. The claimant appeals.
"The State has a nondelegable duty to maintain its roads and highways in a reasonably safe condition" (Paci v State of New York, 233 AD3d 945, 945 [internal quotation marks omitted]). However, the State "is not an insurer of the safety of its roads" (Sinski v State of New York, 2 AD3d 517, 517), and "[n]o liability will attach unless the alleged negligence of the [State] in maintaining its roads is a proximate cause of the accident" (Levi v Kratovac, 35 AD3d 548, 549; see Sinski v State of New York, 2 AD3d at 517).
Here, viewing the evidence in a light most favorable to the nonmoving claimant, the State demonstrated, prima facie, that it was not negligent and, in any event, its alleged negligence was not a proximate cause of the accident (see Levi v Kratovac, 35 AD3d at 550; Demesmin v Town of Islip, 147 AD2d 519, 522; Ventola v New York State Thruway Auth., 142 AD2d 674, 675-676). In opposition, the claimant failed to raise a triable issue of fact. Contrary to the claimant's contention, the Court of Claims did not err in considering certain photographs submitted by the State in its reply papers, as the evidence was submitted in direct response to allegations raised in the claimant's opposition papers (see Farquharson v United Parcel Serv., 202 AD3d 923, 926; Conte v Frelen Assoc., LLC, 51 AD3d 620, 621; Ryan Mgt. Corp. v Cataffo, 262 AD2d 628, 630).
The claimant's remaining contentions are without merit.
Accordingly, the Court of Claims properly granted the State's motion for summary judgment dismissing the claim (see Huertas v Town of Smithtown, 226 AD3d 656, 657; Stanford v State of New York, 167 AD2d 381, 382; Hearn v State of New York, 157 AD2d 883, 885; Demesmin v Town of Islip, 147 AD2d at 522; Ventola v New York State Thruway Auth., 142 AD2d at 675-676).
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court