■ THOMAS J. SEGUIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32339.) — Claimant appeals from a judgment of the Court of Claims which dismissed his claim for personal injuries after both sides rested.

The accident happened at about 7:30 A.M. on July 9, 1952 when the automobile owned and operated by the claimant and proceeding in an easterly direction on Route No. 68 in St. Lawrence County "hit" a crack or depression which divided the two-lane 20-foot highway, pulling the steering wheel out of his hands, causing the automobile to "shimmy", start to sway and careen across the road, striking a tree north of the westbound traffic lane. The claimant testified he was driving between 45–50 miles an hour on a wet road and that his windshield wipers were operating. It was daylight and the road was straight. Testimony was produced to prove that the separation between the east- and west-bound panels of the road in the vicinity where the accident happened varied from two and one-half inches to three inches in width; that there was a difference in elevation of the two panels and that along the edge of the separation the concrete was broken and chipped. It was also undisputed that the concrete pavement prior to the accident had been covered with a surface treatment which had worn off leaving spots and areas of asphalt which were slippery when wet and that condition existed on the morning of the accident. The claimant further testified that as a result of the "shimmying" and swaying, *the automobile got out of control* and that as it went down the road he tried to pull his feet up onto the front seat and slide out from under the steering wheel, neither of which movements did he remember completing prior to his car striking the tree. He testified he thought the distance from where the car first became caught in the crack and the tree was between 250–300 feet. There were no warning signs and the State had notice of the existing condition as described herein. There were no findings of fact in the record but the Trial Judge in his decision assumed that the existence of the separation between the panels, together with the condition of the surface, would constitute negligence on the part of the State. We concur. The court then suggested that the negligence must be shown to be the proximate cause of the accident and then concluded that the claimant "operated his automobile with less than reasonable care required of any user of the highway" based on the facts that "there is no showing of any reason for the claimant veering over the edge of the east bound traffic lane" and of his "failure to avoid a visible and obvious danger". We think that the record does not establish contributory negligence on the part of the claimant and that the condition of the road was the proximate cause of the happening of the accident. It would seem that the trial court in finding against the defendant relied mainly upon the case of *Shaw* v. *State of New York* (196 Misc. 792, affd. 278 App. Div. 871, affd. 303 N. Y. 644) but that was a shoulder accident where an entirely different rule as to the use of the shoulders, except in case of emergency, prevails. Likewise *McNaughton* v. *State of New York* (9 A D 2d 990) cited by the Attorney-General in his brief, is a shoulder case and not applicable. Here the cause of the accident was not due to a defective shoulder but to a faulty condition of the travelled portion of the road itself, which condition had existed for a long time. We are satisfied from our examination of the record and the exhibits that the State was negligent and we are further satisfied that on the wet, rainy morning, with a slippery road, the claimant was not negligent because the wheel of his automobile became entangled in the crack or depression in the center of the road and that it was this condition which was the proximate cause of the accident and which caused the steering wheel of the claimant's automobile to be jerked from his hands, as the result of which he lost control of the automobile and was unable to regain control as it travelled up the road some distance before striking the tree. (*Steele* v. *State of New York*, 7 A D 2d 774; *Purdy* v. *State of New York*, 12 A D 2d 834; *Cook* v. *State of New York*, 301 N.Y. 780.) There is nothing in the record to support the contention, as

set forth in the respondent's brief, that the claimant's vehicle was traveling at an unreasonable rate of speed. It is generally accepted that once a driver has lost control of his automobile, the usual manner of operation does not apply. There was testimony in the record of other skidding incidents and difficulties experienced by hitting the separation in the road. The medical testimony and the special damages are undisputed so we exercise our prerogative of assessing damages. Claimant suffered a compound fracture of both bones of the lower left leg which required open reduction and the insertion of screws in the bones which were still there at the time of the trial. When the doctor testified in January, 1957 — 4½ years subsequent to the accident — he stated that as a result of the leg injury, claimant had a permanent limp, 50% loss of use of the left leg and 15-20% loss of his body. He also suffered crom cerebral concussion, compound fracture of the left maxilla, spinal sprain, bladder trouble and numerous other minor injuries, many of which were still prevalent at the time of the trial. At the time of the accident he was 25 years of age with a life expectancy of 42.12 years. He was earning $129 per week and was on his way to work at the time of the accident. He was totally incapacitated until September of 1955 and then returned to work which paid substantially less than his earnings at the time of the accident. The doctor stated that he would never be able to do plumbing and steamfitting work again except in a supervisory capacity. It is fair to say that his loss of earnings up to the time he started business for himself amounted to $15,000 and that his future earnings will be permanently impaired. The special damages incurred were $1,200, making total special damages of approximately $17,000. In consideration of the seriousness of his injuries, the marked degree of permanency, the pain and suffering he has endured and will continue to endure, together with future lost earnings, an additional amount of $20,000 is fair and reasonable, making a total award of $37,000. The judgment of the Court of Claims is unanimously reversed upon the law and the facts and a judgment entered in the amount of $37,000, together with costs. Settle order on notice. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.