■ MICHAEL STANFORD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 73742.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), entered April 24, 1989, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

This claim arose from an automobile accident occurring on New York State Highway Route 208, in Orange County. On August 27, 1984, while traveling southbound on Route 208, the claimant was unable to negotiate a sharp left-hand curve. His vehicle struck a guardrail on the right-hand side of the roadway, crossed over both the southbound and northbound lanes and struck a tree beyond the shoulder of the northbound lane. As he entered the curve, the claimant was traveling at a high rate of speed. The claimant's theory of recovery at trial was that the defendant had negligently permitted foliage to obscure a two-part warning sign consisting of an arrow curv-

ing left and beneath it, a 35-mile-per-hour speed-reduction warning. This sign was located approximately 400 feet before the curve.

It is well established that the State is not the insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a reasonable condition is a proximate cause of the accident *(see, Hearn v State of New York,* 157 AD2d 883, 885). Here, the record established that the southbound lane of Route 208 was straight for approximately one-half mile leading into the curve where the accident occurred and that an arrow sign pointing left was situated at the beginning of the curve and was clearly visible from a substantial distance. A motorist exercising due care would have observed the arrow sign as well as the curving guardrail and telephone poles, making him aware of the contours of the roadway. An advisory sign blocked by foliage is equivalent to the absence of a warning sign. Here, however, the visible physical conditions and the unobstructed curve sign gave the claimant adequate warning that it was necessary for him to reduce his speed as he prepared to enter the curve *(cf., Koester v State of New York,* 90 AD2d 357). The court properly determined that the alleged negligence of the State in permitting the warning sign to become obscured was not a proximate cause of the accident and that the only negligence shown to have caused or contributed to the accident was that of the claimant in failing to operate his vehicle with due care *(see, Lyle v State of New York,* 44 AD2d 239).

In view of the court's findings, which we conclude were supported by the weight of the evidence, we need not address the claimant's remaining contentions that he was improperly precluded by certain evidentiary rulings from establishing that the defendant had negligently permitted the warning sign to become obscured. However, were we to reach the merits of these contentions, we would find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.