■ JANET ANDREWS, by Her Guardian ad Litem, GREGORY ANDREWS, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 73981.)—In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Silverman, J.), dated December 1, 1988, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

This claim arose out of an automobile accident on Montauk Highway (New York State Route 27A) in West Islip. The claimant Janet Andrews (hereinafter the claimant) was traveling southbound on McCall Avenue to the "T" intersection with Montauk Highway. A stop sign at the corner of McCall and Montauk controlled southbound traffic at this juncture. According to the testimony elicited at the trial, the claimant failed to stop at the traffic sign and to yield the right-of-way before crossing over the westbound lanes of Montauk Highway in order to execute a lefthand turn in an easterly direction. The claimant's automobile was struck by another automobile which was traveling westbound. The claimant contends that the State had failed to maintain Montauk Highway in a reasonably safe condition, in view of the limited sight distance of 310 feet (rather than the 425 feet suggested by the American Association of State Highway Transportation Officials) for drivers making lefthand turns at this type of intersection.

It is well established that the State is not an insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a

reasonable condition is a proximate cause of the accident *(see, Stanford v State of New York,* 167 AD2d 381; *Hearn v State of New York,* 157 AD2d 883). Here the record established that the State had conducted a study of a four tenths of a mile section of Montauk Highway, including the McCall intersection, after receiving notice of the existing dangerous conditions. The study was adequate and had a reasonable basis *(see, Alexander v Eldred,* 63 NY2d 460), and, as a result, improvements were made to this stretch of the roadway. In all, there was insufficient proof to conclude that the State's action or inaction was a proximate cause of the accident. Rather, the claimant's own failure to exercise due care under the circumstances proximately caused the accident *(see, Demesmin v Town of Islip,* 147 AD2d 519).

We have considered the remaining contention and find it to be without merit. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.