■ JOSEPH MARCHETTO, JR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 74999.)—Mahoney, J.

On November 20, 1986, claimant was driving south on State Route 66 in the Town of Ghent, Columbia County, when an automobile operated by Roberta Eigenbrodt crossed into the southbound lane from the opposite direction and collided with claimant's vehicle.

Claimant and Eigenbrodt filed separate claims against the State which were joined for trial on the issue of liability. The Court of Claims subsequently found the State negligent in permitting a 4 to 6-inch dropoff from the roadway to the shoulder of Route 66 and a 1/2 to 1-inch elevation of strip paving from the original roadway surface, both in the area of the accident. However, the court held that the State's negligence was not the proximate cause of claimant's injuries and a judgment was entered in favor of the State. This appeal by claimant ensued.

For the purposes of this appeal, the State has accepted the Court of Claims' findings that it was negligent in allowing the shoulder dropoff to exist and in the maintenance of the pavement. Accordingly, the only issue before this court is whether the Court of Claims properly determined that the State's negligence was not the proximate cause of claimant's injuries.

We affirm. The record is barren of any evidence that Eigenbrodt traveled onto the shoulder of the highway or that she lost control of the vehicle as a result of the strip paving as opposed to the ice formed on the highway by the sleet and freezing rain, a condition prevalent prior to and at the time of the accident. Further, even conceding that Eigenbrodt suffered amnesia as a result of the accident, burdening claimant with a lesser degree of proof in establishing a right to recover *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 333-334), we are constrained to adhere to the conclusion that the State's negligence was not the proximate cause of claimant's injuries solely because claimant's proof merely established that the shoulder dropoff and strip paving were merely two of several possible causes of the accident and claimant's injuries. As the Court of Claims noted, the Court of Appeals clearly enunciated the principle that: " 'Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he

has failed to prove that the negligence of the defendant caused the injury' " *(Bernstein v City of New York,* 69 NY2d 1020, 1021-1022, quoting *Ingersoll v Liberty Bank,* 278 NY 1,7). Accordingly, the Court of Claims did not err in finding for the State under the facts presented here.

Mercure, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.