■ BERNARD P. GALLIGAN, Appellant, v LONG ISLAND RAIL-ROAD COMPANY et al., Respondents, and JOAN B. CASTELLANO et al., Defendants and Third-Party Plaintiffs-Appellants. COUNTY OF NASSAU, Third-Party Defendant-Respondent. [603 NYS2d 895] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated June 18, 1991, as (1) granted the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) granted the cross motion of the defendant Long Island Railroad Company for summary judgment dismissing the complaint insofar as it is asserted against it, and the defendants third-party plaintiffs Joan B. Castellano and Thomas Castellano separately appeal from so much of the same order as (1) granted the cross motion of the third-party defendant County of Nassau for summary judgment dismissing the third-party complaint, and (2) dismissed their cross claims against the Long Island Railroad Company and the Town of Hempstead.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents payable by the appellants appearing separately and filing separate briefs.

On July 5, 1985, the plaintiff was injured when he was struck by a car when he was parked on Railroad Avenue in a "ten minute parking" zone, near the Wantagh Railroad Station in the Town of Hempstead in Nassau County. The "ten minute parking" zone was created in 1974, after the Accident Prevention Bureau of the Nassau County Police Department performed a comprehensive inspection of Railroad Avenue and recommended that a short-term parking and pick-up area be created adjacent to the station.

In the field of traffic design engineering, a municipality is accorded a qualified immunity from liability arising out of a highway planning decision *(see, Friedman v State of New*

*York,* 67 NY2d 271, 283). Under the qualified immunity doctrine, a governmental body may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan *(see, Friedman v State of New York, supra,* at 284). Neither the plaintiff nor Joan B. Castellano and Thomas Castellano, the defendants third-party plaintiffs-appellants, presented any evidence which demonstrated that the decision by either the County of Nassau or the Town of Hempstead to convert a "no parking" zone into a "ten minute parking" zone was made without adequate study or lacked a reasonable basis. The decision of the Town to change the area to a "ten minute parking" zone was an appropriate exercise of discretion and the Supreme Court properly granted the motions of both the Town and the County for summary judgment dismissing the complaint and third-party complaint, respectively, insofar as asserted against them, because both the County and the Town were entitled to qualified immunity from liability arising out of the highway planning decision.

The plaintiff's contention that there were issues of fact as to whether the Town affirmatively created a defective condition is without merit. Furthermore, there is no issue of fact as to whether the defendant Long Island Railroad Company owned Railroad Avenue.

The Castellanos failed to make out a prima facie case that the County was negligent and that this negligence was a substantial cause of the events which produced the injury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). A government is not the insurer of the safety of its roads and no liability will attach unless the government's negligence in maintaining its roads in a reasonable condition is a proximate cause of the accident *(see, Stanford v State of New York,* 167 AD2d 381, 382). The Castellanos have not demonstrated that the fact that there was a sign which permitted ten minute parking on Railroad Avenue caused the Castellano vehicle to strike the plaintiff. There was no explanation given as to why the accident occurred and to allow a jury to determine whether the placement of the signs caused the accident would be to invite impermissible speculation *(see, Murray v State of New York,* 38 NY2d 782, 784). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.