■ THOMAS J. TISHLER, as Administrator of the Estate of THOMAS N. TISHLER, Deceased, Respondent, v TOWN OF BROOK-HAVEN, Appellant. [613 NYS2d 223] —In an action to recover

damages for wrongful death and personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Brown, J., on decision; Gowan J., on order), entered May 15, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On October 19, 1985, at approximately 8:40 P.M., the decedent Thomas N. Tishler, while operating his bicycle in a northbound direction in the southbound lane of Dyke Road, Setauket, New York, was struck by a northbound intoxicated driver that had crossed over the center of the roadway into the southbound lane of traffic. As a result of his injuries, Tishler was confined to a hospital until his death on October 27, 1985.

The theory of the plaintiff's case is that the Town negligently failed to clear wild brush from alongside of the west side of the southbound lane of Dyke Road in the Town of Brookhaven. Even assuming, *arguendo,* that this Court was to conclude that the Town was negligent, it cannot reasonably be inferred that the conduct of the Town was a proximate cause of the accident *(see, Atkinson v County of Oneida,* 59 NY2d 840; *Tomassi v Town of Union,* 46 NY2d 91; *Matter of Fasano v State of New York,* 113 AD2d 885). Rather, the record discloses that it was the manner in which the intoxicated driver of the offending automobile operated his vehicle which was the sole proximate cause of this unfortunate accident.

Under the circumstances, the Town's purported negligence cannot be deemed a proximate cause of the plaintiff's injuries.

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.