■ JAMES CLARK, Appellant, v STATE OF NEW YORK, Respondent. [672 NYS2d 747] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (King, J.), dated February 26, 1997, which, after a nonjury trial, is in favor of the State and against the claimant dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant was injured when his tractor-trailer overturned in heavy fog at approximately 3:40 A.M. at the intersection of Routes 22 and 199 in Dutchess County. At trial, he contended that the State was negligent in resurfacing the road and in failing to extend highway markings through the intersection.

While the State must maintain its highways in a reasonably safe condition (*see, Fiege v State of New York,* 189 AD2d 748), the State is not an insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a reasonable condition is a proximate cause of the accident (*see, Andrews v State of New York,* 168 AD2d 474; *Stanford v State of New York,* 167 AD2d 381). After trial in this case, the Court of Claims determined that the claimant had failed to prove by a preponderance of the

evidence that the State's action or inaction was a proximate cause of his accident. We find that the court's determination was supported by the weight of the evidence and should, therefore, not be disturbed (*see, Tomaiko v State of New York,* 211 AD2d 782; *Stanford v State of New York, supra*). Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.