◼ Bonnie Sherman et al., Respondents, v Town of Wallkill, Appellant, et al., Defendant. [674 NYS2d 386] —In an action, *inter alia,* to recover damages for injury to property, the defendant Town of Wallkill appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated July 15, 1997, which denied its motion to dismiss the action insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Town of Wallkill, and the action against the remaining defendant is severed.

The plaintiffs commenced this action, *inter alia,* to recover damages when a motor vehicle driven by the defendant Adrian Monroe at an excessive rate of speed went off a stretch of Silver Lake-Scotchtown Road and crashed into their house. Unquestionably, a proximate cause of the accident was the fact that Monroe lost control of his motor vehicle. Ordinarily, there will be no duty imposed on a defendant such as the Town of Wallkill to prevent a third party from causing harm to another unless the intervening act which caused the injuries or damage was a normal or foreseeable consequence of the situation created by the defendant's negligence (*see, Boltax v Joy Day Camp,* 67 NY2d 617; *Rivera v Goldstein,* 152 AD2d 556). The evidence

submitted by the plaintiffs failed to establish that any prior written notice of a defect had been given to the Town or that the allegedly defective condition existed for so long a period that it should have been remedied in the exercise of reasonable care and diligence (*see,* Town Law § 65-a [1]; *Rivera v Goldstein, supra).* Accordingly, dismissal of the complaint insofar as asserted against the Town is warranted. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.