■ CHARLES BROCATO, Respondent, v GLEN G. GRIPPE et al., Respondents, and TOWN OF BROOKHAVEN, Appellant. [702 NYS2d 901] —In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 27, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

The defendant Glen G. Grippe was driving northbound on Pond Path Road, in a 30 miles per hour zone, at an approximate speed of between 65 and 85 miles per hour, when he drove over an alleged depression in the road. Grippe lost control of the vehicle and hit a pole. The plaintiff, a passenger in Grippe's car, was injured.

The plaintiff alleges that the Town of Brookhaven was negligent in maintaining its roadways in that it failed to repair and replace the roadway surrounding certain drainage basins, which had become depressed. Even assuming that the Town was negligent, it cannot reasonably be inferred that its conduct was a proximate cause of the accident (*see, Tishler v Town of Brookhaven,* 205 AD2d 611, 612; *Tomassi v Town of Union,* 46 NY2d 91). Rather, the conduct of Grippe, who was driving at an excessive rate of speed, was a superseding event which "severed whatever causal connection there may have been between the occurrence of the accident and the defendant's alleged negligence" (*Wright v New York City Tr. Auth.,* 221 AD2d 431, 432; *see also, Sherman v Town of Wallkill,* 251 AD2d 318; *Farrell v Lowy,* 192 AD2d 691). Therefore, the Town was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.