■ Teresa A. Sinski, Appellant, v State of New York, Respondent. (Claim No. 94312.) [767 NYS2d 874]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Scuccimarra, J.), entered March 27, 2002, which, upon the granting of the defendant's motion for judgment pursuant to CPLR 4401 at the close of the claimant's case, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The State of New York is not an insurer of the safety of its roads and no liability will attach unless the State's alleged negligence in maintaining its roads in a reasonable condition is a proximate cause of the accident (see Andrews v State of New York, 168 AD2d 474, 474-475 [1990]; Stanford v State of New York, 167 AD2d 381 [1990]). Upon viewing the evidence in the light most favorable to the claimant (see Krakofsky v Fox-Rizzi, 273 AD2d 277, 278 [2000]), we nonetheless find that she failed to make a prima facie showing that anything other than her own culpable conduct in running through a stop sign proximately caused or contributed to her vehicular accident (see Sinski v Town of Brookhaven, 276 AD2d 547 [2000]; see also White v Town of Islip, 249 AD2d 464, 465 [1998]; Andrews v State of New York, supra; Muhlrad v Town of Goshen, 231 AD2d 615, 616 [1996]). Therefore, the Court of Claims properly granted the State's motion pursuant to CPLR 4401 and dismissed the claim for the claimant's failure to prove a prima facie case.

In light of the foregoing, we need not consider the claimant's

remaining contention. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.