J. Michael Hayes, Esq. Informal Opinion Village Attorney No. 2005-3 Village of Williamsville 5565 Main Street Williamsville, NY 14221
Dear Mr. Hayes:
You have asked whether the Village of Williamsville may enact a local law establishing a minimum distance that a vehicle may park from an intersection that is less than the minimum distance required by Vehicle and Traffic Law § 1202. You have indicated that there is a shortage of parking for businesses in the Village and that the Village is interested in making more parking available on the approaches to crosswalks and intersections. We conclude that state law authorizes local governments to establish minimum distances that differ from the permissible distances otherwise applicable under section 1202, and does not preclude a local government from permitting parking closer to intersections than otherwise permitted under the state law.
Statutory Background
As you recognize, the Vehicle and Traffic Law ("VTL") is applicable and uniform throughout the State. Local governments may not enact any local law, ordinance, rule or regulation that conflicts with the Vehicle and Traffic Law unless expressly authorized by statute. VTL § 1600; see generally People v. Grant,306 N.Y. 258, 260 (1954); Op. Att'y Gen. (Inf.) No. 2003-9; Op. Att'y Gen. (Inf.) No. 85-4. State rules governing the stopping, standing and parking of vehicles are set forth in VTL § 1202. That provision generally prohibits the standing and parking of vehicles within 20 feet of a crosswalk at an intersection and within 30 feet upon the approach to a flashing signal, stop or yield sign, or traffic-control signal located at the side of the roadway.[1] VTL § 1202(a)(2)(b),(c). These minimum distances apply "unless a different distance is indicated by official signs, markings or parking meters." Id. Your question is whether the state statute permits a municipality to establish a different distance, and if so, whether the "different distance" may be less than that permitted by state law.
Analysis
We are not aware of any case interpreting the relevant language in VTL § 1202. We thus begin with the statute's plain language and its legislative history.
Section 1202 states that a different distance may be indicated by "official" signs, markings or parking meters. VTL § 1202(a)(2)(b),(c). It does not define "official" or otherwise indicate who may establish the different distance. Thus, nothing in the plain terms of section 1202 precludes a local government from establishing a different distance.
Relevant here is the fact that local governments, including villages, have been delegated authority to regulate the stopping, standing and parking of vehicles on highways in their jurisdictions. See VTL § 1640(a)(6) (cities and villages); id. § 1660 (towns). Villages are authorized to "[p]rohibit, restrict or limit the stopping, standing or parking of vehicles." VTL § 1640(a)(6). Thus, inasmuch as a village may regulate the standing and parking of vehicles, section 1202's authorization for the setting of different official distances can reasonably be interpreted as encompassing village parking rules.
The legislative context in which section 1202 was enacted further supports this conclusion. The statute implies that a different distance may be established by the location of parking meters. Villages and other specified local governments have express authority to provide for the installation and operation of parking meters on highways within their jurisdictions. VTL § 1640(a)(9) (cities and villages); id. § 1660(9) (towns). The authorization for local parking meters existed before the enactment of section 1202, see former VTL § 54 (McKinney's 1952), and was continued in the legislation that included section 1202, see Law 1957, ch. 698. The possibility that parking meters can establish a different distance suggests that the Legislature intended to authorize local governments to regulate parking in this way.
The legislative history of section 1202 also provides support for this interpretation of the statute. The parking regulations in VTL § 1202 were enacted in 1957 as part of a major revision of the VTL provisions covering the rules of the road. See Law 1957, ch. 698. At that time, New York adopted a version of the Uniform Vehicle Code proposed by the National Committee on Uniform Traffic Laws and Ordinances. A report of the Joint Legislative Committee on Motor Vehicle Problems, which drafted the proposed New York law, notes that the proposed state parking provision would differ from the Uniform Vehicle Code provision in that the distances specified for parking near intersections could be modified by official signs, markings or parking meters. New York State Joint Legislative Committee on Motor Vehicle Problems, Modernization ofthe Vehicle and Traffic Law of State of New York Based on theUniform Vehicle Code: Part One — Rules of the Road 1954 N.Y. Legis. Doc. No. 36, at 103. The report does not, however, indicate why this variation from the Uniform Code was proposed.
The legislative history of a subsequent amendment of section 1202 is more helpful. In 1958, the statute was amended to indicate more clearly which parking, stopping and standing rules were subject to the qualification that a different distance could be indicated by "official signs, markings or parking meters." See Law 1958, ch. 853. A letter in the bill jacket describes this revision as designating which rules can be "altered or nullified by localauthorities." Memorandum of Dep't of Taxation and Finance (Apr. 14, 1958), reprinted in Bill Jacket to Ch. 853 (1958), at 22 (emphasis added).
The plain language, statutory context and legislative history of VTL § 1202 thus indicate that local governments with authority to regulate parking may designate a minimum distance for permissible parking from a crosswalk, flashing signal, stop or yield sign, or traffic control signal. The remaining question is whether the Village may establish a smaller minimum distance than that provided for in the state law, i.e., whether it may permit parking closer than 20 feet to a crosswalk or closer than 30 feet to a flashing signal, stop and yield sign, or traffic control signal.
We rely on the plain language of the statute and the lack of any contrary legislative history to conclude that section 1202 authorizes a village to establish a smaller minimum distance. The statute indicates only that a different minimum distance may be established. If the Legislature had not intended to authorize the establishment of a lesser distance, it could have used a more restrictive term such as "greater," rather then the general term "different." Thus, the statutory language itself does not preclude a local government from establishing a lesser distance and thereby permitting parking nearer an intersection. The limited legislative history of this provision does not address whether the Legislature intended local authorities only to be able to further restrict parking from intersections, or whether it also contemplated that local authorities could permit parking closer to intersections. Nor is the delegation of parking regulation to local authorities instructive on this point. Villages have been delegated broad authority to "[p]rohibit, restrict or limit the stopping, standing or parking of vehicles," VTL § 1640(a)(6), which could include establishing both greater and lesser distances.
Because the statute refers only to "a different distance" and does not otherwise qualify the distances that may be established, we conclude that state law does not prohibit the Village from permitting parking closer to intersections than the distances specified in section 1202. We note, however, that while "a municipality is accorded a qualified immunity from liability arising out of a highway planning decision," it "may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan." Galligan v.Long Island Railroad Co., 198 A.D.2d 399, 399-400 (2d Dep't 1993) (applying rule to municipal parking regulation); see also Friedmanv. State, 67 N.Y.2d 271, 284 (1986) (applying rule to state highway design). The Village should therefore carefully consider relevant safety issues in determining whether to permit parking closer to intersections.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
[1] Compliance with the state stopping, standing and parking rules is not required when necessary to avoid conflict with other traffic or when complying with the directions of a police officer. VTL § 1202(a). Additionally, the minimum standing and parking distances do not apply when standing or parking momentarily to pick up or discharge passengers. Id. § 1202(a)(2).