■ FABIAN MARTINEZ et al., Respondents, v COUNTY OF SUFFOLK, Appellant, et al., Defendant. [794 NYS2d 98]—

In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 1, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant County of Suffolk.

The plaintiffs were injured when a truck running a red light crashed into their car as it was entering into the intersection of Washington Avenue and the Long Island Expressway's South Service Road in Brentwood.

The plaintiffs allege that the defendant County of Suffolk was negligent in failing to trim the foliage growing along the side of Washington Avenue, and that the overgrown brush obstructed the view of the plaintiff driver.

A county is not the insurer of the safety of its roads, and "no liability will attach unless the ascribed negligence of the [county] in maintaining its roads in a reasonable condition is a proximate cause of the accident" (*Stanford v State of New York,* 167 AD2d 381, 382 [1990]; *see Tomassi v Town of Union,* 46 NY2d 91, 97 [1978]). Here, the record shows that the sole proximate cause of the accident was the other driver's failure to stop at the red light, which, indisputably, was not obstructed by the overgrown brush. Thus, under the circumstances, the County's purported negligence cannot be deemed a proximate cause of the plaintiffs' injuries (*see Green v Mower,* 100 NY2d 529 [2003]; *Sinski v State of New York,* 2 AD3d 517 [2003]; *Tishler v Town of Brookhaven,* 205 AD2d 611, 612 [1994]). Accordingly, the Supreme Court should have granted the County's motion for summary judgment.

In light of our determination, the parties' remaining contentions have been rendered academic. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.