CHONG SUK ROSE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 89930.) [800 NYS2d 26]—

In a claim to recover damages for personal injuries and wrongful death, etc., the appeal is from a judgment of the Court of Claims (Marin, J.), dated August 5, 2003, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

Joseph Kenneth Rose (hereinafter Rose) died after the gasoline tanker truck he was driving tipped over and exploded on the entrance ramp of the Brooklyn Queens Expressway leading from the Long Island Expressway service road. His widow, Chong Suk Rose, filed this claim to recover damages, among other things, for Rose's personal injuries and wrongful death, alleging, inter alia, that the State's negligence in the design and maintenance of the ramp was a proximate cause of Rose's death. At trial, photographs and testimony showed that lane markings had faded and no signs were on the ramp to indicate its speed limit or that the ramp curved. The testimony was undisputed that Rose drove on the ramp several times per day. A former police investigator who was called by the State as an expert witness testified that Rose was driving on the ramp at a speed of between 40 and 45 miles per hour. The State's expert testified that had Rose been driving at 25 miles per hour the accident would not have occurred and that the speed at which Rose was driving on the ramp was the sole cause of the accident. The Court of Claims dismissed the claim, finding that the appellants failed to prove by a preponderance of the evidence that Rose's death was caused by any design or maintenance failures on the part of the State, rather than by vehicle speed or driver inattentiveness.

The determination of the Court of Claims was supported by a fair interpretation of the evidence and should not be disturbed on appeal (*see Ebenezer Mar Thoma Church v Alexander,* 279 AD2d 548, 549 [2001]). Rose's familiarity with the ramp, coupled with his excessive speed, eliminate as a proximate cause of his accident any alleged negligence by the State (*see Perry v Kazolias,* 302 AD2d 575 [2003]; *Parmeter v Bedard,* 295 AD2d 779, 780 [2002]; *Brocato v Grippe,* 269 AD2d 414, 415 [2000]).

The appellants' remaining contentions are without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.