■ AMANDA HEALEY JOHNSON, as Administratrix of the Estate of JEFFREY ALAN HEALEY, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 98766.) [811 NYS2d 850]—

Appeal and cross appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered January 5, 2005. The judgment, inter alia, awarded damages to claimant for the wrongful death of her husband, Jeffrey Alan Healey.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the amended claim is dismissed.

Memorandum: Claimant commenced this wrongful death action arising from a motor vehicle accident in which her husband (decedent) was killed. The evidence presented at the trial on liability establishes that the second vehicle involved in the collision entered decedent's lane of travel, resulting in a nearly head-on collision. The Court of Claims found defendant 100% li-

able for the accident and, following a separate trial on damages, awarded claimant damages of over $1 million. We reverse, inasmuch as we agree with defendant that claimant failed to establish that any negligence by defendant was a proximate cause of the accident.

At the trial on liability, claimant presented evidence that the road at issue had been repaved in 1982 in order to widen the lanes, and a crack had thereafter appeared in the lane of travel. Claimant also presented evidence that drivers sometimes drove closer to the center line of the road in order to avoid the crack, or they lost control of their vehicles when the wheels became caught in the crack. In addition, it appears from the evidence at the trial on liability that the white line separating the lane of travel from the shoulder of the roadway was somewhat worn. Nevertheless, even assuming, arguendo, that defendant was negligent in maintaining the road, we conclude that the evidence is legally insufficient to establish that such negligence was a proximate cause of the accident, i.e., "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the [factfinder] on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

"While the State must maintain its highways in a reasonably safe condition . . . , the State is not an insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a reasonable condition is a proximate cause of the accident" (*Clark v State of New York*, 250 AD2d 569, 569 [1998]). "When an automobile swerves and leaves [its lane of travel] for no definitely assignable reason, it is altogether possible that the accident was due to either of several causes, [including] the failure of the steering gear or a lapse on the part of the driver . . . . In . . . such cases the balance of probabilities between causes which entail liability and others which do not is equal enough so that an inference of fact which entails liability is the result of mere speculation" (*Tortora v State of New York*, 269 NY 167, 170 [1935]). "In final result, it is clear that, if it is just as likely that the accident might have occurred from causes other than a defendant's negligence, the inference that [the defendant's] negligence was [a] proximate cause of the accident may not be drawn" (*Lyle v State of New York*, 44 AD2d 239, 245 [1974], *affd sub nom. Murray v State of New York*, 38 NY2d 782 [1975]).

Here, claimant failed to establish that any negligence on the part of defendant was a proximate cause of the accident. The driver of the vehicle that collided with decedent's vehicle

sustained a head injury in the accident and was unable to testify with respect to why he left his lane of travel or, indeed, whether he did so. The driver, however, testified concerning the conditions leading up to the accident, and he did not indicate that the crack in the road affected his operation of his vehicle in any way. In addition, he testified that he was watching the center line and was able to see the pavement lane markings. The opinion of claimant's expert that the accident was the result of the crack in the road and the faded lane markings is therefore based upon mere speculation, requiring reversal of the judgment and dismissal of the amended claim (*see Clark*, 250 AD2d 569 [1998]; *Marchetto v State of New York*, 179 AD2d 947 [1992], *lv denied* 80 NY2d 751 [1992]).

In light of our determination, we do not reach the issue raised in claimant's cross appeal. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.