■ FABIAN MARTINEZ et al., Respondents, v STATE OF NEW YORK, Appellant. [815 NYS2d 172]—In a claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Lack, J.), dated October 29, 2004, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated September 28, 2004 finding it 30% liable for the happening of the accident, is in favor of the claimant and against it.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the claim is dismissed.

The facts in this matter are set forth in *Martinez v County of Suffolk* (17 AD3d 643 [2005]). The claimants herein brought an action in the Supreme Court, Suffolk County against the County of Suffolk, as well as a claim in the Court of Claims against the State of New York. In both matters, the claimants alleged that their injuries were caused by the negligence of the government entity in failing to trim the overgrown foliage at the intersection where the accident at issue occurred. In the Supreme Court action, on appeal from an order denying the County's motion for summary judgment, this Court reversed the order and dismissed the complaint, finding that "the sole proximate cause of the accident was the other driver's failure to stop at the red light, which, indisputably, was not obstructed by the overgrown brush" (*Martinez v County of Suffolk, supra* at 644).

The prior appeal was not decided until after a trial had been held in the Court of Claims and an interlocutory judgment rendered on the issue of liability in favor of the claimants, finding the State 30% liable for the happening of the accident. The judgment must be reversed, as this Court has already determined that the other driver's negligence was the sole proximate cause of the claimants' injuries. "Thus, under the circumstances, the [State's] purported negligence cannot be deemed a proximate cause of the plaintiffs' injuries" (*Martinez v County of Suffolk, supra* at 644, citing *Green v Mower,* 100 NY2d 529, 530 [2003]; *Sinski v State of New York,* 2 AD3d 517 [2003]; *Tishler v Town of Brookhaven,* 205 AD2d 611, 612 [1994]; *cf. Hoenig v Park Royal Owners,* 260 AD2d 250, 251 [1999]; *Cruz v New York City Tr. Auth.,* 190 AD2d 651, 652 [1993]).

In light of our determination, the parties' remaining contentions have been rendered academic. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.