JOY N. MARKS, Individually and as Parent and Natural Guardian of S.L.M., an Infant, Respondent, v COUNTY OF ORLEANS, Appellant and Third-Party Plaintiff-Appellant. ROY HARRIGER, Third-Party Defendant-Respondent. HARRIET L. ZUNNO, as Court Appointed Guardian of S.L.M., an Infant, Fourth-Party Plaintiff-Respondent, v ROY HARRIGER et al., Fourth-Party Defendants-Respondents, and COUNTY OF ORLEANS, Fourth-Party Defendant-Appellant. [821 NYS2d 333]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered November 16, 2005 in a personal injury action. The order, among other things, denied those parts of the motion of defendant County of Orleans seeking summary judgment dismissing the complaint and seeking summary judgment dismissing the fourth-party complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, those parts of the motion seeking summary judgment are granted, the complaint is dismissed and the fourth-party complaint against fourth-party defendant County of Orleans is dismissed.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries they sustained when the vehicle driven by plaintiff in which her daughter was a passenger left the road, rolled down an embankment and struck a tree. The vehicle was owned by plaintiff's father, third-party defendant. Plaintiff testified at her deposition that she was driving within the speed limit when the vehicle suddenly shook and swerved off the road. However, according to the deposition testimony and report of a State Police accident reconstructionist, plaintiff was speeding, overcorrected when she drifted onto the right shoulder, overcorrected again when she veered into the oncoming lane, and then skidded off the road.

Supreme Court erred in denying those parts of defendant's motion seeking summary judgment dismissing the complaint and seeking summary judgment dismissing the fourth-party complaint against defendant. Defendant established its entitlement to judgment as a matter of law by establishing that any alleged negligence on its part was not a proximate cause of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The deposition testimony and report of defendant's accident reconstructionist established that plaintiff's vehicle was traveling well over the speed limit, that plaintiff was familiar with the road, and that the vehicle left the road at a point where guardrails were not required by any national or state policy. Thus, defendant established that plaintiff's actions were the sole proximate cause of the accident and that defendant's failure to install a guardrail at the location where the vehicle left the road was not a proximate cause (*see Shevalier v Bentley*, 268 AD2d 622, 624 [2000]; *see also Rose v State of New York*, 19 AD3d 680 [2005]). The opinion of plaintiff's expert was based on improper speculation and was therefore insufficient to raise an issue of fact (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 9 [2005]; *Silverman v Sciartelli*, 26 AD3d 761 [2006]).

Finally, in light of our decision, we do not address defendant's contention with respect to third-party defendant's alleged spoliation of evidence. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.