■ RAYMOND VEGA et al., Appellants, v STATE OF NEW YORK, Respondent. [831 NYS2d 246]—

In a claim, inter alia, to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Mignano, J.), dated November 14, 2005, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated October 13, 2005, is in favor of the defendant and against them, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

"The State of New York is not an insurer of the safety of its roads and no liability will attach unless the State's alleged negligence in maintaining its roads in a reasonable condition is a proximate cause of the accident" (*Sinski v State of New York,* 2 AD3d 517 [2003]; *see Andrews v State of New York,* 168 AD2d 474, 474-475 [1990]; *Stanford v State of New York,* 167 AD2d 381, 382 [1990]). Here, the determination by the Court of Claims that the proof adduced at trial failed to establish that the State's alleged negligence was a proximate cause of the claimants' accident is supported by the weight of the evidence (*see Rose v State of New York,* 19 AD3d 680 [2005]; *Brocato v Grippe,* 269 AD2d 414 [2000]; *Tishler v Town of Brookhaven,* 205 AD2d 611 [1994]).

In light of our finding of no proximate cause, we need not reach the claimants' remaining contentions. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur. [*See* 10 Misc 3d 822 (2005).]