■ George Carlo et al., Appellants, v State of New York, Respondent. [855 NYS2d 919]—In a claim to recover damages for personal injuries, the claimants appeal from a judgment of the Court of Claims (Scuccimarra, J.), dated October 12, 2006, which, upon a decision of the same court entered October 5, 2006, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

"The State of New York is not an insurer of the safety of its roads and no liability will attach unless the State's alleged negligence in maintaining its roads in a reasonable condition is a proximate cause of the accident" (*Sinski v State of New York,* 2 AD3d 517 [2003]; *see Andrews v State of New York,* 168 AD2d 474, 474-475 [1990]; *Stanford v State of New York,* 167 AD2d 381, 382 [1990]). Here, the determination of the Court of Claims that the proof adduced at trial failed to establish that the conduct of the State was a proximate cause of the claimant's accident is warranted by the record (*see Rose v State of New York,* 19 AD3d 680 [2005]; *Brocato v Grippe,* 269 AD2d 414 [2000]; *Tishler v Town of Brookhaven,* 205 AD2d 611 [1994]).

The claimants' remaining contentions are without merit. Mastro, J.P., Santucci, Eng and Belen, JJ., concur. [*See* 13 Misc 3d 1222(A), 2006 NY Slip Op 51947(U).]