In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Ferreira, J.), dated May 18, 2012, which, upon a decision of the same court dated March 30, 2012, made after a nonjury trial on the issue of liability, is in favor of the defendant and against him dismissing the claim.
Ordered that the judgment is affirmed, with costs.
“On an appeal from a judgment after a nonjury trial, this Court’s power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of witnesses” (Rock v Rock, 100 AD3d 614, 615-616 [2012]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Perriello v State of New York, 106 AD3d 797, 797 [2013]).
“The State of New York is not an insurer of the safety of its roads and no liability will attach unless the State’s alleged negligence in maintaining its roads in a reasonable condition is a proximate cause of the accident” (Sinski v State of New York, 2 AD3d 517, 517 [2003]; see Carlo v State of New York, 51 AD3d 618 [2008]; Vega v State of New York, 37 AD3d 825 [2007]). Here, the determination of the Court of Claims that the claimant failed to establish that a dangerous condition existed at the subject intersection on the date of the subject accident is warranted by the facts (see Marshall v State of New York, 252 AD2d 852, 853-854 [1998]; Whiter v State of New York, 148 AD2d 825, 826-827 [1989]). In addition, based on the trial evidence, it was just as likely that the subject accident might have occurred from causes other than the State’s alleged negligence (see Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7 [1938]; Johnson v State of New York, 27 AD3d 1061, 1062 [2006]). Accordingly, the Court of Claims’ determination that the claimant failed to show that any negligence ascribable to the State proximately caused the subject accident is also warranted by the facts (see Ingersoll v Liberty Bank of Buffalo, 278 NY at 7; Johnson v State of New York, 27 AD3d at 1062), and we discern no basis upon which to disturb the court’s judgment. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.