Paci v State of New York (2024 NY Slip Op 06569)

Paci v State of New York

2024 NY Slip Op 06569

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-08759

[*1]Gregory Paci, appellant,
v
State of New York, respondent. (Claim No. 131006)

Law Office of Michael H. Joseph, PLLC, White Plains, NY, for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Grace X. Zhou of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Walter Rivera, J.), entered September 30, 2022. The judgment, upon an order of the same court dated August 18, 2022, made after a nonjury trial on the issue of liability, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is reversed, on the law and the facts, with costs, the claim is reinstated, the claimant is awarded judgment on the issue of liability, and the matter is remitted to the Court of Claims for a trial on the issue of damages.
The claimant commenced this claim to recover damages for personal injuries he allegedly sustained on July 15, 2017, when his motorcycle drove into "a rut, a pothole, a defect in the road" on Route 293 in Orange County, causing him to lose control and fall off the motorcycle. After a nonjury trial on the issue of liability, the Court of Claims granted the defendant's motion to dismiss the claim, determining that the claimant failed to establish by a preponderance of the credible evidence that the State was negligent in failing to address a "longitudinal crack" prior to the claimant's accident and that the claimant failed to establish by a preponderance of the credible evidence that the "longitudinal crack" was a proximate cause of his accident. Thereafter, the court issued a judgment dismissing the claim. The claimant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Rodriguez v State of New York, 166 AD3d 922, 923; Stevens v State of New York, 47 AD3d 624, 624-625). "The State has a nondelegable duty to maintain its roads and highways in a reasonably safe condition" (Rubio v State of New York, 168 AD3d 892, 893; see Friedman v State of New York, 67 NY2d 271, 283). However, the State is "not an insurer of the safety of its roads" (Rodriguez v State of New York, 166 AD3d at 923 [internal quotation marks omitted]; see Sinski v State of New York, 2 AD3d 517, 517). To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State had actual or constructive notice and which it failed to take reasonable measures to correct (see Rubio v State of New York, 168 AD3d at 893; Rodriguez v State of New York, 166 AD3d at 923). "To constitute constructive notice, a defect must be visible and apparent [*2]and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Rubio v State of New York, 168 AD3d at 893). Generally, the issue of whether a dangerous or defective condition exists "depends on the particular facts and circumstances of each case" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Mammina v State of New York, 230 AD3d 478, 479). Further, in order to establish liability, a claimant must demonstrate that the State's negligence in maintaining its roads in a reasonable condition was a proximate cause of the accident (see Sinski v State of New York, 2 AD3d at 517; see Andrews v State of New York, 168 AD2d 474, 474-475).
Here, we conclude that the determination of the Court of Claims was not warranted by the facts. The claimant testified that while driving his motorcycle between 5 to 10 miles per hour and approaching a stop sign, his motorcycle drove into "a rut, a pothole, a defect in the road," which caused him to lose control and eventually fall off the motorcycle. Anthony Monzillo testified that he was riding his own motorcycle approximately 15 to 20 feet behind the claimant, and he observed the front wheel of the claimant's motorcycle go into a "rutted area" and "get caught and begin to wobble side to side" and saw the motorcycle fall over. Both the claimant and Monzillo identified the defect in the roadway that caused the accident in various photographs, which were admitted into evidence. The photographs depicted a drop-off in the pavement within the travel lane to the immediate left of and along the white line demarcating the travel lane from the shoulder.
Shahid Quadri, the New York State Department of Transportation (hereinafter DOT) resident engineer for East Orange County, whose responsibilities included overseeing the maintenance of Route 293 in the area where the claimant's accident occurred, testified that if a differential in pavement has the ability to change the direction of a vehicle, it can be considered a hazardous condition, that if a drop-off poses a difficulty, it would be addressed, and that the area to the left of the white line is within the travel lane. Quadri further testified that the claimant's accident occurred in the same area where there had been a fuel truck accident and fuel spill in April 2017, a few months before the claimant's accident. Quadri oversaw the clean-up and remedial work of the roadway in April and May 2017, following the truck accident, and photographs taken in April 2017 of the clean-up and remediation work depicted the defect in the roadway. Quadri testified that he was at the truck accident site at least six times during April and May 2017. While Quadri acknowledged during his testimony that he could see "a separation in the pavement" in a photograph taken in April or May 2017, he further testified that he could not remember seeing the separation in the pavement when he was at the site in April 2017. Quadri also testified that DOT maintenance crews would patrol Route 293 at least once a week looking for areas that require maintenance or repairs and would repair "potholes in the travel lanes . . . right away."
Based upon our review of the record, including the photographs and the witnesses' testimony, we conclude that the claimant met his burden of proving by a preponderance of the evidence the existence of a dangerous condition of which the defendant was actually or constructively aware and which it failed to take reasonable measures to correct and that such failure was a proximate cause of the claimant's accident (see Feeney v State of New York, 222 AD3d 1235, 1237; Rodriguez v State of New York, 166 AD3d at 923; Stevens v State of New York, 47 AD3d at 625; Seguin v State, 13 AD2d 857, 858, affd 10 NY2d 1033).
Accordingly, we award the claimant judgment on the issue of liability and remit the matter to the Court of Claims for a trial on the issue of damages. We note that the State's answer was not included in the record. If the answer asserted an affirmative defense alleging comparative negligence, then the court shall consider the plaintiff's comparative negligence, if any, in its determination of damages.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court